■ DENNIS TUCCI et al., Appellants, v COUNTY OF NASSAU et al., Respondents.—In an action *inter alia* to recover damages for false arrest, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated September 3, 1969 as (1) granted a motion to dismiss the complaint as against the individual defendants, (2) granted the motion of the defendant county and dismissed the "first cause of action and third cause of action, insofar as it alleges a cause of action based on or arising out of an alleged false arrest and imprisonment of plaintiff * * * alleged to have occurred on the 18th day of October 1967" and (3) failed to grant plaintiffs' motion to (a) strike defendants' affirmative defenses and (b) strike the references in defendants' motion papers to the infant plaintiff's youthful offender conviction. Order affirmed insofar as appealed from, with $50 costs and disbursements. The record indicates that the individual defendants, members of the Nassau County Police Department, were not served with a notice of claim either personally or by registered mail as required by subdivision 2 of section 52 of the County Law. Consequently Special Term properly dismissed the complaint as against them. The first cause of action in the complaint is clearly one for false arrest or false imprisonment, arising out of the arrest of plaintiff on October 18, 1967 and his imprisonment from October 19, 1967 for a period of approximately 19 days, when he was released from custody pending outcome

of the charges against him. The record indicates that the notice of claim against the defendant county for the alleged false arrest of October 18, 1967 was served upon the county on May 21, 1968. In an action for false arrest or false imprisonment the 90-day period within which one must serve a notice of claim (see General Municipal Law, § 50-e) commences on the day the plaintiff is released from actual custody *(Molyneaux v County of Nassau,* 16 NY2d 663). Since plaintiff was released in early November, 1967, it is clear that the notice of claim served on May 21, 1968 was served more than 90 days after the date he was released from actual custody. Accordingly, the first cause of action, which seeks damages from the county for the alleged false arrest of October 18, 1967, and the third cause of action, insofar as it seeks to recoup the legal fees and medical expenses paid by the plaintiff guardian in connection with the defense and treatment of the infant plaintiff with relation to the October 18, 1967 arrest, were properly dismissed. Were we not affirming the dismissal of these causes of action against defendants on the ground that plaintiffs failed to properly or timely serve their notices of claim, we would nevertheless dismiss those causes of action, which rest on the October 18, 1967 arrest, on the ground that said arrest was lawful as a matter of law. Plaintiff was arrested on October 18, 1967 on his mother's complaint for allegedly having assaulted her. He was also charged with resisting that arrest. He was tried on the latter charge in the District Court, Nassau County. In denying a defense motion to dismiss the charge of resisting arrest, the District Court found that the police had reasonable cause to believe that plaintiff had committed a felony, i.e., assault with a dangerous instrument, and that, accordingly, his arrest on October 18, 1967 was lawful. Plaintiff was convicted of the charge of resisting arrest and was adjudged a youthful offender. That judgment was affirmed by the Court of Appeals (see *People v Dennis T.,* 29 NY2d 895) and constitutes a bar to a civil cause of action for false arrest based upon that arrest. Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.