**Frank CARDI, Plaintiff,**

v.

**SUPERMARKET GENERAL CORP., Defendant.**

**No. 77 C 662.**

United States District Court,
E. D. New York.

July 24, 1978.

John A. Bray, Deer Park, N. Y., for plaintiff.

Montfort, Healy, McGuire & Salley, Mineola, N. Y., for defendant.

## DECISION

GEORGE C. PRATT, District Judge:

In this diversity action, plaintiff asserted claims of false arrest, malicious prosecution and defamation against defendant Super-market General Corp., after an employee of the defendant had detained plaintiff for alleged shoplifting, and then filed against him a criminal complaint which was ultimately dismissed following an adjournment in contemplation of dismissal (ACOD) pursuant to New York Criminal Procedure Law § 170.55.

An action for malicious prosecution seeks tort damages for the initiation of a criminal prosecution which is without justification. Initiation of meritorious criminal prosecutions should not be discouraged, and sound policy requires that those who press charges in good faith, whether police officers or private citizens, be protected against claims of malicious prosecution.

Thus, it is well settled in New York that in order to maintain a claim for malicious prosecution the plaintiff must establish not only that defendant instituted a criminal proceeding against him without probable cause and with malice, but also that the proceeding itself was finally terminated in plaintiff's favor. See *Martin v. City of Albany,* 42 N.Y.2d 13, 396 N.Y.S.2d 612, 364 N.E.2d 1304 (1977); *Broughton v. Schanbarger,* 37 N.Y.2d 451, 373 N.Y.S.2d 87, 335 N.E.2d 310, *cert. den.,* 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975).

At the close of the evidence on July 10, 1978, defendant moved to dismiss the malicious prosecution claim on the ground that plaintiff had failed to establish that the criminal charge had been finally determined favorably to him.

Plaintiff urged that the petty larceny charge filed by the defendant against him was terminated in his favor by the dismissal. Defendant argued that the dismissal should not be viewed as a termination favorable to the accused since it was pursuant to NYCPL § 170.55 which provides that a criminal charge based on an information or misdemeanor complaint may be adjourned in contemplation of dismissal when both the prosecution and the defend-

ant consent. Subdivision 2 of that section explains that an ACOD is

> \* \* \* an adjournment of the action without date ordered with a view to ultimate dismissal of the accusatory instrument in furtherance of justice. Upon issuing such an order, the court must release the defendant on his own recognizance. Upon application of the people, made at any time not more than six months after the issuance of such order, the court must restore the case to the calendar and the action must thereupon proceed. If the case is not so restored within such six months period, the accusatory instrument is, at the expiration of such period, deemed to have been dismissed by the court in furtherance of justice.

Viewed realistically, an ACOD is the result of a plea bargain, wherein the prosecutor refrains from moving the case to trial with a view to automatic dismissal at the end of six months should he not change his mind about the appropriateness of the dismissal. The procedure might be characterized as a form of pre-conviction, unsupervised probation which within six months can be revoked by the prosecutor, but which at the end of six months ripens into a dismissal of the original charge. However it be viewed, the dismissal cannot be equated with a determination favorable to the accused sufficient to support a malicious prosecution claim. If the original criminal complaint is without merit, a proper exercise of prosecutorial power would call for outright dismissal, not an ACOD. Although weakness of the prosecutor's case may be one element in a prosecutor's agreeing to an ACOD, such a disposition may well result from other factors, extraneous to the issue of guilt or innocence, which make full prosecution contrary to the interests of justice.

The only reported case on the subject, *Kenul v. Hollander,* 86 Misc.2d 466, 382 N.Y.S.2d 650, decided in April 1976 by the late Judge Panagot of the Nassau County District Court, also held that a plaintiff who had accepted an ACOD could not maintain a malicious prosecution claim.

On argument of the motion here, plaintiff sought comfort from the recently enacted § 160.50 of New York's Criminal Procedure Law, effective September 1, 1976. While subdivision two of that statute characterizes an ACOD, among other dispositions, as a "termination in favor of [the accused]", it does so expressly "for the purposes of subdivision one of this section" which requires the return of photographs and fingerprints and the sealing of records.

Nothing in the language or history of § 160.50 suggests any intent by the legislature either to change New York's long standing requirement that favorable termination be a precondition for a malicious prosecution claim, or to extend the effect of its "termination" language beyond its carefully expressed and limited purpose. Moreover, the policy considerations calling for the return of fingerprints and photographs to, and the sealing of the criminal records of, one who in the interests of justice has received an ACOD are far different from those determining when a plaintiff should be permitted to pursue a malicious prosecution claim.

Accordingly, the court granted defendant's motion to dismiss on the ground that dismissal of plaintiff's criminal charge pursuant to an ACOD under New York's Criminal Procedure Law § 170.55 did not constitute the kind of favorable termination of the criminal proceeding required to support an action for malicious prosecution.