OPINION OF THE COURT
Sidney Leviss, J.
In this action for damages predicated on false arrest, the defendant moves to dismiss the complaint and for summary judgment.
The plaintiff was detained by the employees of defendant and subsequently charged with petit larceny and possession of stolen property. Such charges arose out of defendant’s allegation that plaintiff attempted to remove certain property from the defendant’s store without paying for it. It now appears that the charges will be satisfied by an adjournment in contemplation of dismissal pursuant to an agreement between the People and plaintiff herein.
Defendant, relying on Tucci v County of Nassau (50 AD2d 945), contends that such disposition requires a dismissal of this case. A civil action for false arrest is based on an intentional detention of the plaintiff without his consent or without any justification on the part of defendant (see Broughton v State of New York, 37 NY2d 451). The holding in Tucci does not require a dismissal here. In that *680 instance, there was an adjudication that the plaintiff was guilty of the acts in question, which adjudication constituted a bar to the tort action based upon an arrest leading to that conviction. An adjournment in contemplation of dismissal can in no way be read as an adjudication in any of the issues in a criminal case. By its own terms, it constitutes a dismissal in furtherance of justice (CPL 170.55, subd 2). While defendant’s arguments may have merit to the extent that such disposition is not an acquittal, it is likewise not a conviction. Under the circumstances, it has no binding effect on the question of plaintiff’s consent to the arrest or the defendant’s justification in making it.
In the instant case, the defendant may be relieved of liability if it can establish that it had reasonable ground to suspect plaintiff of the acts charged in the accusatory instrument (General Business Law, § 218; see Jacques v Sears, Roebuck & Co., 30 NY2d 466). The facts presently before the court, however, do not warrant the granting of summary judgment on that issue and, accordingly, the motion is denied.