■ RENNIE LEWIS et al., Appellants, v LEROW E. COUNTS et al., Respondents. — In an action to recover damages for false arrest, false imprisonment and malicious prosecution, plaintiffs appeal from an order of the Supreme Court, Kings County, dated November 20, 1980, which denied their motion for summary judgment and for an immediate trial on the issue of damages. Order modified, on the law, by adding thereto, after the word "exist", the following: "except that defendants are granted summary judgment as to the causes of action for malicious prosecution and such causes of action are severed from the main action and dismissed." As so modified, order affirmed, with $50 costs and disbursements to defendants. There exists a triable issue of fact as to probable cause for the arrest of plaintiffs (see *Smith v County of Nassau*, 34 NY2d 18). An arrest, lawful in its inception, may nevertheless be rendered void *ab initio* for purposes of a false imprisonment action if there is an unnecessary delay in arraignment (see *Ross v Village of Wappinger Falls*, 62 AD2d 892; *Bass v State of New York*, 196 Misc 177). On this record, however, whether the delay in arraignment was unnecessary is an issue of fact. With respect to plaintiffs' causes of action for malicious prosecution, we agree with defendants' contention that they must be dismissed. To establish a cause of action for malicious prosecution, it must be shown, *inter alia*, that the prior criminal proceeding terminated in favor of the plaintiff (*Broughton v State of New York*, 37 NY2d 451, cert den *sub nom. Schanbarger v Kellogg*, 423 US 929; *Munoz v City of New York*, 18 NY2d 6). The criminal proceedings against plaintiffs did not terminate in their favor since an adjournment in contemplation of dismissal, pursuant to CPL 170.55, is not a favorable termination for purposes of a malicious prosecution action (*Singleton v City of New York*, 632 F2d 185; *Cardi v Supermarket Gen. Corp.*, 453 F Supp 633; *Block v County of Nassau*, 79 AD2d 897; *Kenul v Hollander*, 86 Misc 2d 466). Defendants are thus entitled to summary judgment in their favor with respect to the malicious prosecution causes of action. We note that such relief is not foreclosed by defendants' failure to move for summary judgment. A motion for summary judgment searches the record (CPLR 3212, subd [b]; *Peoples Sav. Bank of Yonkers v County Dollar Corp.*, 43 AD2d 327, 334, affd 35 NY2d 836). Damiani, J. P., Lazer, Gibbons and Cohalan, JJ., concur.