■ JOANNE HOLLENDER, Respondent, v TRUMP VILLAGE COOPERATIVE, INC., et al., Defendants, and PASQUALE ANASTASIO et al., Appellants. — In an action to recover damages, *inter alia,* for false imprisonment and malicious prosecution, defendants Anastasio and Trump Village Cooperative No. 4, Inc., separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Kings County (McCabe, J.), entered October 30, 1980, as was in favor of plaintiff, upon a jury verdict. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and the causes of action for malicious prosecution and false imprisonment are dismissed. The criminal proceeding underlying the present civil action to recover damages, *inter alia,* for malicious prosecution was concluded by an adjournment in contemplation of dismissal (ACOD) pursuant to CPL 170.55. This is not a termination favorable to a

defendant for purposes of a malicious prosecution action *(Lewis v Counts,* 81 AD2d 857; *Block v County of Nassau,* 79 AD2d 897; *Singleton v City of New York,* 632 F2d 185; *Cardi v Supermarket Gen. Corp.,* 453 F Supp 633; *Kenul v Hollander,* 86 Misc 2d 466). In an action for false arrest or imprisonment, "the defendant has the burden of proving legal justification as an affirmative defense" *(Broughton v State of New York,* 37 NY2d 451, 458). An unreversed conviction is conclusive evidence of the defense as is a plea of guilty *(Jones v Foster,* 43 App Div 33). The ACOD to which the plaintiff consented is not a "guilty plea", but is a species of " 'plea bargaining' " (see *People v Siragusa,* 81 Misc 2d 368, 370; accord *Kenul v Hollander, supra; Cardi v Supermarket Gen. Corp., supra).* In the face of the ACOD, to permit the jury to make a factual determination of plaintiff's guilt or innocence in order to determine whether or not the arrest was justified was error. By consenting to the ACOD the plaintiff conceded she was doing something wrong. If she behaved herself for six months the charges against her would be dismissed. The present anomalous result is that she will receive money damages in a civil suit on a finding that she was not trespassing or doing anything else wrong to justify her arrest. In light of the ACOD, the arrest was conclusively lawful in its inception. Based on our decision, we do not reach the issue of the purported release. Titone, J.P., Mangano, Gibbons and Thompson, JJ., concur.