■ WILLIAM C. FAIR, Appellant, v CITY OF ROCHESTER et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: Plaintiff was ar-

rested by an officer of the Rochester Police Department and charged with disorderly conduct and resisting arrest. At trial, pursuant to discussions between the parties, plaintiff moved for, and was granted, an adjournment in contemplation of dismissal (CPL 170.55). Subsequently, plaintiff commenced this action against defendants alleging, among other things, malicious prosecution and violation of his civil rights resulting from malicious prosecution (US Code, tit 42, § 1983). Defendants' motion for partial summary judgment (CPLR 3212), seeking dismissal of the two causes of action alleging malicious prosecution, was granted. The court found that an adjournment in contemplation of dismissal does not constitute a determination of criminal proceedings in favor of the accused so as to support a civil claim for malicious prosecution. An adjournment in contemplation of dismissal is made prior to any decision on the merits of the case or determination of defendant's guilt (CPL 170.55). Since the question of the accused's guilt is left open by an adjournment in contemplation of dismissal, it is not a final disposition in his favor; therefore, a defendant who accepts an adjournment in contemplation of dismissal cannot thereafter maintain a cause of action for malicious prosecution *(Singleton v City of New York,* 632 F2d 185, cert den 450 US 920; *Cardi v Supermarket Gen. Corp.,* 453 F Supp 633; *Lewis v Counts,* 81 AD2d 857). Although CPL 160.50 (subd 2) characterizes an adjournment in contemplation of dismissal as terminating an action in favor of a person, it does so solely for the purposes of subdivision 1 of the same section, with no attempt to extend into the tort of malicious prosecution *(Singleton v City of New York, supra; Cardi v Supermarket Gen. Corp., supra).* Furthermore, because it is not a determination in favor of the individual, an adjournment in contemplation of dismissal does not satisfy the requirement of a claim pursuant to section 1983 of title 42 of the United States Code for deprivation of civil rights through malicious prosecution, that it be alleged and proved that the prosecution terminated in a manner indicating the person was not guilty of the offense charged *(Singleton v City of New York, supra;* see *Hines v City of Buffalo,* 79 AD2d 218). (Appeal from order of Monroe Supreme Court, Wagner, J. — partial summary judgment — malicious prosecution.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Moule, JJ.