OPINION OF THE COURT
Henry W. Lengyel, J.
In May, 1982 I dismissed several causes of action set forth in Claim No. 64310 and also indicated that the claimant in Claim No. 64311 did not have a viable cause of action for false arrest. I wrote: “It is my opinion, and I find, that the reasoning and conclusions of law set forth in Hollender v Trump Village Cooperative, Inc., 84 AD2d 574 (App Div 2d Dept.), and in Fair v City of Rochester, 84 AD2d 908, in reference to the effect of an ACOD under CPL § 170.55 fully apply to an ACOD obtained under CPL § 170.56. See, CPL §§ 170.55 and 170.56, and Practice Commentary by Richard G. Denzer plus Supplementary Practice Commentary by Joseph W. Bellacosa; and, CPL § 160.50 and Practice Commentary by Joseph W. Bellacosa.” In the Hollender decision, the court stated: “The criminal proceeding underlying the present civil action to recover damages, inter alia, for malicious prosecution was concluded by an adjournment in contemplation of dismissal (ACOD) pursuant to CPL 170.55. This is not a termination favorable to a defendant for purposes of a *93 malicious prosecution action * * * The ACOD to which the plaintiff consented is not a ‘guilty plea’, but is a species of ‘plea bargaining’ * * * By consenting to the ACOD the plaintiff conceded she was doing something wrong.” (Hollender v Trump Vil. Coop., 84 AD2d 574, 575.)
Chapter 134 of the Laws of 1982 amended CPL 170.55 by adding two new subdivisions as follows:
“5. The court may as a condition of an adjournment in contemplation of dismissal order, require the defendant to perform services for a public or not-for-profit corporation, association, institution or agency. Such condition may only be imposed where the defendant has consented to the amount and conditions of such service. The court may not impose such conditions in excess of the length of the adjournment.
“6. The granting of an adjournment in contemplation of dismissal shall not be deemed to be a conviction or an admission of guilt. No person shall suffer any disability or forfeiture as a result of such an order. Upon the dismissal of the accusatory instrument pursuant to this section, the arrest and prosecution shall be deemed a nullity and the defendant shall be restored, in contemplation of law, to the status he occupied before his arrest and prosecution.”
It was held by Justice Grossman in Goodman v Bass (NYLJ, Nov. 8, 1982, p 14, col 2) that the amendment overruled the Hollender decision; and, that the ACOD no longer was such an admission of wrongdoing as to present a complete defense to actions of false arrest. I respectfully disagree with Justice Grossman’s decision which was predicated upon the language in CPL 170.55 (subd 6) to the effect that “a criminal defendant is to suffer no forfeiture or disability as a result of the acceptance of an adjournment in contemplation of dismissal, and such an order is not to be deemed an admission of guilt.” (Goodman v Bass, supra.)
The intent and purpose of the new legislation was to provide a shield against criminal stigmata attaching to the defendant who accepts an ACOD; it was not to present the defendant with the sword of monetary damages to use *94 against the municipality from which the ACOD was obtained. If the latter were the situation, it would be an unwise and unwary District Attorney who offered an ACOD to any criminal defendant; and, such would certainly destroy the social purpose underlying these sections of the Criminal Procedure Law. The justification for the legislation transmitted to the Governor by the Assembly Codes Committee was that: “Defendants who do not have money to make restititution [sic] should, when practical, pay for their offense through community service. An A.C.D. can only be given on cases where the offense is slight (misdemeanors) and where the prosecutor consents. This bill makes available to the court an acceptable basis for disposition of these offenses. At the same time, the fact that a punishment is attached, i.e. restituion [sic] of community service, should not be misinterpreted to signify that an A.C.D. is the equivalent of a conviction. This bill removes that possible ambiguity.” (Codes Committee Bill No. 10884; emphasis added.) Clearly the ACOD is still a species of plea bargaining wherein the defendant concedes he was doing something wrong. The criminal defendant does not have to accept an ACOD. He may hold to his constitutional right to a trial and refuse an ACOD; and, in my opinion, only after a verdict of not guilty or a specific judicial admission by the prosecuting officer that an error had been made, will the actions for false arrest or malicious prosecution lie.
We should also note the language in the last sentence of amending CPL 170.55 (subd 6) that, “Upon the dismissal of the accusatory instrument pursuant to this section, the arrest and prosecution shall be deemed a nullity and the defendant shall be restored, in contemplation of law, to the status he occupied before his arrest and prosecution.” By definition nullity means the total absence of legal effect or existence, i.e., the state of being nothing, of never having existed. If the arrest and/or prosecution never existed then, in contemplation of law, the plaintiff in the civil action does not have a viable cause of action sounding in either the tort of false arrest or the tort of malicious prosecution.
*95 Motion No. M-28074 is denied and a short form order consonant with this memorandum opinion shall be filed contemporaneously herewith.