OPINION OF THE COURT
Andrew V. Siracuse, J.
By order dated May 6,1982 the undersigned granted the defendant’s motion for summary judgment of all causes of action in the plaintiff’s complaint. Plaintiff has brought this motion for renewal based on the legislative amendment of CPL 170.55 by addition of a new subdivision 6 effective June 1,1982 (L 1982, ch 134, § 1) and the retroactive application of this legislative change to a false arrest and imprisonment case by New York County Supreme Court Justice Grossman in Goodman v Bass (NYLJ, Nov. 8, 1982, p 14, col 2). The defendant’s request for renewal is granted.
The complaint contains causes of action for false arrest and imprisonment, malicious prosecution, defamation, and intentional infliction of emotional distress. The latter two causes of action were dismissed for lack of any factual allegations to substantiate plaintiff’s claims.
The false arrest and imprisonment cause of action was dismissed because it appeared that plaintiff failed to establish that she was confined or imprisoned against her will or that defendant lacked probable cause to detain and question her. (See Broughton v State of New York, 37 NY2d 451; Blumenfeld v Harris, 3 AD2d 219.) Upon reconsideration, *11 however, I feel that granting summary judgment at this point in the proceedings and upon the materials before me was premature. I am, therefore, on my own motion granting reargument and modifying my prior order granting summary judgment on the false arrest and imprisonment cause of action. Based upon the allegations and facts presented plaintiff should have the opportunity to present her case in full before such a ruling is made.
The malicious prosecution cause of action was dismissed because plaintiff had accepted an adjournment in contemplation of dismissal (ACD). This is the only cause of action to which the argument now proffered by plaintiff is applicable. My decision was based on the case law which holds that an ACD cannot be considered a favorable disposition for purposes of maintaining a malicious prosecution action. (Singleton v City of New York, 632 F2d 185; Cardi v Supermarket Gen. Corp., 453 F Supp 633; Fair v City of Rochester, 84 AD2d 908; Kenul v Hollander, 86 Misc 2d 466.) After a careful review of the materials submitted and the law, it is my decision that the legislative amendment of CPL 170.55 does not alter the existing law on this issue.
As noted by Joseph W. Bellacosa in the Practice Commentary to CPL 170.55, “[subdivision six states the effects of an ACD and merely codifies existing law. In fact, the provision in effect repeats the language of section 160.60 which was previously applicable to a 170.55 ACD (see, CPL 160.50 [2] [b]).” (McKinney’s Cons Laws of NY, Book 11A, CPL 170.55, p 96.) A reading of CPL 160.60, 170.55 and 160.50 (subd 2, par [b]) indicates a desire to minimize and erase any stigma attached to acceptance of an ACD disposition. While the provisions set forth in subdivision 6 already existed elsewhere in the Criminal Procedure Law, the Legislature presumably felt the need to clearly state the impact of an ACD disposition within the statute itself to counteract any inference of guilt which might result from the addition of subdivision 5 to CPL 170.55. Subdivision 5, also effective June 1, 1982, provides for the imposition of a condition of public service with a defendant’s acceptance of an ACD. The bill jacket material accompanying this amendment indicates a concern over the inference of guilt that might arise from the imposition of a public *12 service “sentence” upon a defendant accepting an ACD. Thus, subdivision 6 is concerned with making it clear that acceptance of an ACD is not an admission or adjudication of guilt. This is not the same as authorizing a finding of not guilty or determining an ACD to be a favorable disposition.
Since subdivision 6 makes no change with regard to the treatment of an ACD within the Criminal Procedure Law, it should not change the civil interpretation and application of such a disposition. The policy reasons for not allowing an ACD to be considered a favorable disposition for the purpose of maintaining a malicious prosecution action are sound: “If an adjournment in contemplation of dismissal were held to be a result favorable to the defendant for purposes of bringing an action for malicious prosecution, fewer prosecutors would be willing to consent to such adjournments. No purpose would be served in dismissing the criminal case if the issue of guilt or innocence were in any event to be litigated in a civil suit.” (Singleton v City of New York, supra, p 194.) In effect, an ACD still remains a “neutral” disposition. This is consistent with the intent of CPL 170.55 which is designed as a “special break, given usually to first offenders”. (Kenul v Hollander, supra, p 467; Pirro, Adjournment in Contemplation of Dismissal: Criminal Procedure Law Section 170.55, 38 Alb L Rev 223, 231-232.)
The Goodman case cited by plaintiff’s attorney is sufficiently distinguishable to make it inapplicable to this situation. In Goodman the plaintiff’s complaint alleging false arrest and. imprisonment was dismissed on the ground of legal insufficiency because plaintiff had accepted an ACD. The decision was based on Hollender v Trump Vil. Coop. (84 AD2d 574, 575) wherein the court held that acceptance of an ACD was an admission of wrongdoing which justified the arrest. In finding that the Legislature overturned Hollender by the passage of subdivision 6, the Goodman court was finding that an ACD is not to be deemed an admission of guilt. The court was not, however, acknowledging that an ACD disposition is a favorable disposition. Determining that an ACD is not a guilty disposition for the purpose of maintaining a false arrest *13 and imprisonment claim is not the same as saying that an ACD is a favorable disposition sufficient to maintain a malicious prosecution action.