OPINION OF THE COURT
Bernard F. McCaffrey, J.
Motion by defendants for summary judgment is granted to the extent hereinafter indicated and is otherwise denied.
At the outset the cardinal issue to be determined is whether, subsequent to the June 1, 1982 amendment to CPL 170.55 (L 1982, ch 134, § 1), the taking of an adjournment in contemplation of dismissal (ACD) precludes the commencement of an action for malicious prosecution and false arrest.
CPL 170.55 was amended by adding subdivision 6 thereof, which states as follows: “The granting of an adjournment in contemplation of dismissal shall not be deemed to be a conviction or an admission of guilt. No person shall suffer any disability or forfeiture as a result of such an order. Upon the dismissal of the accusatory instrument pursuant to this section, the arrest and prosecution shall be deemed a nullity and the defendant shall be restored, in contemplation of law, to the status he occupied before his arrest and prosecution.”
Prior to the amendment to CPL 170.55, there were a number of decisions holding that an ACD was not such a *639 successful termination of a criminal proceeding to permit the defendant in that proceeding to thereafter maintain a malicious prosecution against the complainant. (Hollender v Trump Vil. Co-op., 84 AD2d 574; Fair v City of Rochester, 84 AD2d 908.)
Neither plaintiff nor defendant have submitted any reported decisions relating to this matter subsequent to the June 1, 1982 amendment of CPL 170.55.
The plaintiff contends that the intention of the Legislature in enacting this provision was to counter the prior decisions of the court so as not to preclude a party, who accepts an ACD determination, from instituting a subsequent malicious prosecution or false arrest proceeding.
The court denies the plaintiff’s request for leave to amend his complaint to allege an ACD, in that the court finds that in enacting the amendment to CPL 170.55 the Legislature did not intend an ACD determination to constitute a “favorable termination” so as to allow a party to institute a malicious prosecution proceeding. Rather, the intention of the Legislature was to specifically provide that such a plea could not, in effect, be utilized against him as an acknowledgement of guilt, but in doing so there was no intention of the Legislature to, in effect, allow an ACD to be interpreted as a finding on the merits that the matter was successfully terminated in his favor.
The court further notes that Professor Bellacosa, in his Practice Commentary (McKinney’s Cons Laws of NY, Book 11A, CPL 170.55, p 96), which was published subsequent to the effective date of the amendment, states that, “Subdivision six * * * merely codifies existing law”, and he also makes the following statement (p 91): “Although the accused’s guilt is not judicially determined, a defendant who accepts an ACD cannot thereafter maintain a malicious prosecution action”.
Further, the first, second and third causes of action are insufficiently pleaded insofar as they purport to allege malicious prosecution, in that they do not recite the essential element of a favorable termination of the prosecution of which plaintiff complains. (Pagliarulo v Pagliarulo, 30 AD2d 840.) To show a termination in his favor, the plaintiff must prove that the court passed on the merits of the *640 charge or claim against him under such circumstance as to show his innocence or nonliability, or show that the proceedings were terminated or abandoned at the instance of the defendant under circumstances which fairly imply the plaintiff’s innocence. (Pagliarulo v Pagliarulo, supra.) In that respect, therefore, they are dismissed.
To the extent that false arrest is claimed, however, summary judgment is not justified since an arrest without a warrant for the alleged commission of a misdemeanor out of the presence of the arresting officer (see People v DeFore, 242 NY 13, 18, cert den 270 US 657) may form the basis for a cause of action for false arrest against a person procuring the illegal arrest (McMorris v Howell, 89 App Div 272, 278). The first three causes of action shall, however, be combined as one.
The fourth, fifth and sixth causes of action which sound in defamation are dismissed as legally insufficient in that they do not set forth in haec verba the allegedly defamatory language of which plaintiff complains (CPLR 3016, subd [a]) and, in addition, the sixth cause of action is time barred (CPLR 215).
Defendants have characterized the seventh cause of action as one sounding in prima facie tort and plaintiff’s attorney, in his answering affidavit, has conceded that the “initial summary of the moving party as to the nature of each of the seven causes of action is basically correct.” Plaintiff, however, has failed to allege special damages, which is an essential element of prima facie tort (Susskind v IPCO Hosp. Supply Corp., 49 AD2d 915), so that the seventh cause of action is, likewise, legally insufficient and is dismissed.
The first cause of action, which is deemed to incorporate within itself the allegations of the former second and third causes of action, is severed insofar as it is based upon the claim of false- arrest.