*423 OPINION OF THE COURT
Fuchsberg, J.
The issue on this appeal is whether an accused’s acceptance of an adjournment in contemplation of dismissal, popularly referred to by the acronym ACD or ACOD, constitutes a bar to a subsequent civil suit for false imprisonment or malicious prosecution. We hold that an ACOD disposition, authorized by CPL 170.55, is neither a conviction nor an acquittal. We further hold that while it, therefore, does not interdict an action for false imprisonment, it does bar one for malicious prosecution.
At about 8:00 p.m. on January 8, 1975, plaintiff Joanne Hollender, then 17½ years of age, and some friends congregated in an outdoor area between two buildings which were part of a group of co-operative housing units in a development known as Trump Village in Brooklyn. Although Joanne and her family also resided in the complex, their apartment was located in another building.
Two of the co-operative’s security guards approached the young people and ordered them to disperse. When Joanne objected to doing so, they summoned the police who, at the insistence of one of the guards, placed her under arrest for criminal trespass. This despite the fact that, as the arresting officer was to testify, he “couldn’t see any realistic reason” for doing so. The arrestee then was searched, booked and detained until her eventual release on an appearance ticket (CPL 150.10). Ultimately, before her criminal trial was to get underway, she was offered and accepted the ACOD disposition.
Thereafter, Joanne brought this civil action against the co-operative and its prosecuting guard. As pertinent here, her complaint sounded separately in false imprisonment and malicious prosecution. In due course, after trial by jury, to whom the Trial Judge submitted interrogatories as permitted by CPLR 4111, she recovered separate awards for compensatory and punitive damages on each cause. But the Appellate Division, reversing on the law, dismissed the complaint, essentially on the ground that the acceptance of the adjournment in contemplation of dismissal precluded the suit on both counts. For the reasons which follow, we *424 now modify its order insofar as it affects the false imprisonment cause.
We begin our analysis by recounting that CPL 170.55 is rooted in an informal^ mechanism first developed in the New York City court system (Comment, Adjournment in Contemplation of Dismissal: Criminal Procedure Law Section 170.55, 38 Alb L Rev 223, 224-226). Dispensing with the need to consider the formally specified factors integral to CPL 170.40, the interest of justice section applicable to lesser offenses, CPL 170.55 provides a less structured means of disposing of relatively minor charges on a “non-merits adjudicatory basis” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 170.55, p 91; cf. People v Rickert, 58 NY2d 122). Provided that the defendant, the prosecutor and the court agree, this procedural path makes it possible for such charges — often family or neighbor related and usually involving an individual facing his or her initial encounter with the criminal justice system — to be kept in a state of suspense for a period of six months, during which the subject’s habitual behavior pattern can be tested by time (see Kenul v Hollander, 86 Misc 2d 466; People v McDonnell, 83 Misc 2d 907, 910; People v Siragusa, 81 Misc 2d 368, 371). The trial court, in its discretion, also is empowered to condition ACOD status on a willingness to participate in a dispute resolution program (CPL 170.55, subd 4) and, subject to the accused’s consent, on performance of community service (CPL 170.55, subd 5).
Under the statutory scheme, once the six-month period is at an end, absent any untoward event, the case will be dismissed as a matter of course unless, on application of the prosecutor, the court is convinced “that dismissal of the accusatory instrument would not be in furtherance of justice” (CPL 170.55, subd 2). As per CPL 170.55 (subd 6), such dismissal is not to connote either a conviction or, as in the case of a plea, an admission of guilt.* So it is that, in the eyes of the criminal law, once the accusatory instrument is *425 dismissed the arrest and the prosecution are rendered a “nullity” (CPL 170.55, subd 6).
Moreover, to avoid stigmatizing one who has been granted the ACOD dismissal, such a person expressly is included among those entitled to the full benefit of the record sealing and expunging provisions which come into play when a criminal action or proceeding has been terminated in favor of an accused (CPL 160.50, subds 1, 2, par [b]; see Singleton v City of New York, 632 F2d 185, 194, cert den 450 US 920). The over-all effect of a consummated ACOD dismissal is then to treat the charge as though it never had been brought. Nevertheless, the fact is that the occasion for determination of the merits of the events underlying the charge will have gone by without their resolution.
Thus, in a subsequent civil litigation to which a finding of guilt or innocence of the charge is germane, adjournment in contemplation of dismissal, by reason of its sui generis character, will leave the question unanswered (Singleton v City of New York, supra; Cardi v Supermarket Gen. Corp., 453 F Supp 633, 635; Fair v City of Rochester, 84 AD2d 908, 909; Lewis v Counts, 81 AD2d 857).
This in mind, it must be remembered that in an action for damages for false imprisonment, the burden of establishing that the detention was privileged is on those charged with the commission of that tort (Parvi v City of Kingston, 41 NY2d 553, 556; Broughton v State of New York, 37 NY2d 451, 456, cert den sub nom. Schanbarger v Kellogg, 423 US 929). Hence, it was error for the Appellate Division to rule that the. adjournment in contemplation of dismissal in this case was legally decisive of the issue (Staebler v Supermarkets Gen. Corp., 105 Misc 2d 677, 678).
Contrariwise, in a malicious prosecution action, it is for the one who brings the suit to establish that the criminal proceeding allegedly instigated by the defendant terminated in favor of the accused (Martin v City of Albany, 42 NY2d 13, 16; Broughton v State of New York, 37 NY2d 451, 457, supra; Restatement, Torts 2d, § 658). Indeed, it is “only when [the] * * * final disposition is such as to indicate *426 * * * innocence” that this burden is met (Restatement, Torts 2d, § 660, Comment a; see Zebrowski v Bobinski, 278 NY 332, 333; Halberstadt v New York Life Ins. Co., 194 NY 1, 11). So viewed, the Appellate Division’s dismissal of the malicious prosecution claim was correct. For the adjournment in contemplation of dismissal, being as unadjudicative of innocence as it was of guilt, by its very nature operated to bar recovery (Singleton v City of New York, supra; Fair v City of Rochester, supra; Lewis v Counts, supra).
Finally, a few words as to the corrective action are in order. Since the jury, in answering the interrogatories, made special findings and returned separate verdicts, there is no need to direct a new trial (cf. Patafio v Porta-Clean of Amer., 39 NY2d 813). Rather, the reversal having been on the law alone, it suffices that the order from which the appeal is taken be modified by reinstating the verdict on the false imprisonment cause of action and remitting the case to the Appellate Division for a review of the facts pertaining thereto (CPLR 5613). On remand, needless to say, the court may, but only if so inclined, also review the unpreserved issue of the validity of an oral release allegedly tendered on behalf of the plaintiff (cf. People v Wilmot, 104 Misc 2d 412, 413), a matter which, on its earlier review, the Appellate Division expressly declined to reach (cf. Feinberg v Saks & Co., 56 NY2d 206, 210-211).
Accordingly, the order of the Appellate Division should be modified and the case remitted to that court for further proceedings in accordance with this opinion.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order modified, with costs to appellant, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

 Although this subdivision was not added until the adoption of chapter 134 of the Laws of 1982, its language, which in effect repeats that of CPL 160.60, represents no more than a codification of pre-existing law (Bellacosa, op. cit., p 96).