■ JOANNE HOLLENDER, Respondent, v TRUMP VILLAGE COOPERATIVE et al., Defendants, and TRUMP VILLAGE COOPERATIVE No. 4, INC., et al., Appellants. — In an action to recover damages, *inter alia*, for false imprisonment and malicious prosecution, Trump Village Cooperative No. 4, Inc., and the Public Administrator, as administrator of the estate of Pasquale Anastasio, deceased, separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Kings County (McCabe, J.), entered October 30, 1980, as was in favor of plaintiff, upon a jury verdict. By order of this court dated October 26, 1981, the judgment was reversed, insofar as appealed from, on the law, and the causes of action for malicious prosecution and false imprisonment were dismissed (*Hollender v Trump Vil. Coop.*, 84 AD2d 574). By order of the Court of Appeals dated March 30, 1983, this court's order was modified by reinstating the verdict on the false imprisonment cause of action and the case was remitted to this court for a review of the facts pertaining thereto (58 NY2d 420). Judgment reversed, insofar as appealed from, on the facts, without costs or disbursements, the claim for punitive damages is dismissed, and a new trial is granted limited to the issue of compensatory damages only, unless within 20 days after service upon plaintiff of a copy of the order to be made hereon, with notice of entry, plaintiff shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict in her favor as to damages to the principal sum of $10,000 and to entry of an amended judgment accordingly. In the event plaintiff so stipulates, then

the judgment, as so modified by the dismissal of the claim for punitive damages, reduced and amended, is affirmed, insofar as appealed from, without costs or disbursements. Upon a review of the facts we conclude that there is proof in the record to support the jury's finding of false imprisonment against the late Pasquale Anastasio. We decline to reach the unpreserved issue of the alleged "release" (see *Hollender v Trump Vil. Coop.,* 58 NY2d 420, *supra;* CPLR 3018, subd [b]). The Public Administrator, as administrator of the estate of Pasquale Anastasio, argues that as Anastasio died while this case was in the appellate process, punitive damages were not properly awarded. EPTL 11-3.2 (subd [a], par [1]) provides in pertinent part that: "(1) No cause of action for injury to person or property is lost because of the death of the person liable for the injury. For any injury, an action may be brought or continued against the personal representative of the decedent, *but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury*" (emphasis added). This provision is not applicable to the case at bar, however, as Anastasio was alive at the time the punitive damages were awarded. His date of death is dehors the record, and generally judgments cannot be modified on appeal based upon events which have occurred after the entry of judgment. However, for another reason, we find punitive damages to be inappropriate. The Court of Appeals has noted that "[p]unitive or exemplary damages have been allowed in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives" (*Walker v Sheldon,* 10 NY2d 401, 404; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354), and in the case at bar plaintiff has not made such a showing. Given the brief duration of plaintiff's imprisonment and the lack of any substantial mental or physical injury, the verdict of $25,000 in compensatory damages was excessive to the extent indicated herein (see *Woodard v City of Albany,* 81 AD2d 947). Titone, J. P., Mangano, Gibbons and Thompson, JJ., concur.