■ A. ANTHONY MILLER, Appellant, v LEON D. STAR et al., Respondents.—In an action, *inter alia,* to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Nassau County (Velsor, J.), entered March 28, 1985, which granted the defendants' motion for reargument of their motion to dismiss the complaint, which, by order dated July 20, 1984, had been granted to the extent that the third and fifth causes of action were dismissed, and, upon reargument, granted the motion as to the remaining causes of action in the complaint.

Justice Niehoff has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the order is affirmed, with costs.

The plaintiff A. Anthony Miller is by profession a licensed process server. In May of 1981, the plaintiff sought to serve the defendants Dr. Star and Dr. Abelson in connection with a medical malpractice action. Unable to reach Dr. Star at his office, Miller sought to effect substituted service at Dr. Star's home on May 12, 1981. As a result of his attempts on that date, Dr. Star's wife, Winifred Star, filed a complaint against Miller charging him with harassment.

Following a trial, Miller was found guilty of harassment by the District Court, Nassau County (Mellan, J.), in October 1981. He was fined $250 and given a conditional discharge of one year. That conviction was subsequently reversed and a new trial was ordered by the Appellate Term, on the ground that the plaintiff's tape recording of the incident had been improperly excluded at trial. The $250 fine was then remitted to the plaintiff.

Thereafter, Miller moved to dismiss the harassment information in the interest of justice pursuant to CPL 170.40 *(see, People v Clayton,* 41 AD2d 204). This motion was granted by the District Court, Nassau County (De Maro, J.), on May 13, 1983. In its decision the court noted that the period of conditional discharge had already expired. It determined that in light of the plaintiff's otherwise blameless record, there was "no sense" to any further prosecution.

The plaintiff then commenced the instant action against the defendants, including Mrs. Star, seeking damages for malicious prosecution, conspiracy to abuse process, prima facie tort, and infliction of mental distress based upon the alleged malicious prosecution. He also sought attorneys' fees. By order dated July 20, 1984, the court partially granted the defendants' motion, *inter alia,* to dismiss the complaint, by dismissing the causes of action alleging prima facie tort and to recover attorneys' fees. The defendants then moved to reargue, seeking dismissal of the remaining causes of action on the ground that dismissal of the charge of harassment "in the interest of justice" could not be considered a "favorable determination" of the underlying criminal action that is a prerequisite to the commencement of an action for malicious prosecution. Special Term agreed, and upon reargument, granted the defendants' motion to dismiss as to the remaining causes of action. We affirm.

It is well settled that a plaintiff in an action to recover damages for malicious prosecution must establish that the underlying criminal action was resolved in his favor *(see, Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425; *Martin v City of Albany,* 42 NY2d 13, 16; *Loeb v Teitelbaum,* 77 AD2d 92, 98, *mod* 80 AD2d 838). It is not sufficient if the criminal action was terminated " 'without regard to its merits or propriety by agreement or settlement of the parties or solely by the procurement of the accused as a matter of favor' " *Loeb v Teitelbaum,* 77 AD2d 92, 99, *supra,* citing *Halberstadt v New York Life Ins. Co.,* 194 NY 1, 10-11). Rather, the final disposition must be such that innocence is indicated *(Hollender v Trump Vil. Coop., supra,* pp 425-426).

It has already been held that an adjournment in contemplation of dismissal (hereinafter ACOD) under CPL 170.55 is not such an indication of innocence. That type of disposition is neither a "conviction nor an acquittal", and therefore is a bar to an action for malicious prosecution *(Hollender v Trump Vil. Coop., supra,* p 423). We find that a similar bar is created by a dismissal in the interest of justice under CPL 170.40. Such a disposition, also, is "neither an acquittal of the charges nor any determination of the merits" *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 504; *People v Clayton,* 41 AD2d 204, *supra).* As is the case with ACOD dispositions, a dismissal in the interest of justice is not an indication of innocence. Therefore, this type of disposition cannot, as a matter of law, constitute a resolution favorable to the accused. In the absence of a favorable resolution, an action for malicious prosecution may not be

maintained, and the plaintiff's complaint was properly dismissed. Niehoff, J. P., Eiber, Kunzeman and Kooper, JJ., concur.