■ GILDA L. WITCHER, Respondent, v CHILDREN'S TELEVISION WORKSHOP, Appellant.—Order, Supreme Court, New York County, entered September 19, 1991 (C. Beauchamp Ciparick, J.) which, *inter alia,* denied that portion of defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action of the plaintiff's complaint, unanimously reversed, insofar as appealed from, without costs, the defendant's motion is granted and the first cause of action of the plaintiff's complaint is dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the first cause of action of the complaint.

The first cause of action of plaintiff's complaint alleges that on November 14 and November 15, 1989, plaintiff, while an employee of the defendant Children's Television Workshop (CTW), was arrested and then arraigned on criminal charges of theft of money belonging to CTW based upon accusations made by employees, officers and agents of CTW. It was also alleged that employees, agents and officers of CTW later acquired knowledge of facts which rendered the original accusations inconclusive, but failed to bring these facts to the attention of the authorities or the plaintiff. According to the

complaint, in January of 1990, CTW offered to reinstate plaintiff to her former position in exchange for plaintiff's execution of a release of all claims against CTW and its agents; however, plaintiff at that time remained subject to the charges pending in New York City Criminal Court. The charges against the plaintiff were eventually dismissed.

The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice (*Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). Plaintiff's allegations, as supported by plaintiff's affidavit and her counsel's affirmation (*Rovello v Orofino Realty Co.,* 40 NY2d 633), fail to adequately allege that the criminal proceedings commenced against her terminated in her favor and therefore fail to state a cause of action for malicious prosecution.

With respect to the dismissal of the charges, the complaint alleges only: "In or about May, 1990, the criminal charges referred to herein against the plaintiff were dismissed in the Criminal Court". Plaintiff's counsel in his affirmation submitted in opposition to the defendant's motion to dismiss the complaint states: "The case was never tried on the merits. On information and belief, it was dismissed pursuant to § 30.30 of the Criminal Procedure Law for failure to have been tried within six months of the commencement of the criminal action * * * the dismissal was not predicated on the merits of the case for or against Ms. Witcher, nor does it indicate that she was innocent of the violations alleged". Plaintiff's affidavit, submitted along with the attorney's affirmation, assumes that the dismissal was based upon CPL 30.30 grounds, and conclusorily argues that in certain cases dismissal on CPL 30.30 grounds "can be the equivalent of a dismissal on the merits".

It has been stated that plaintiff's burden of proving that the proceeding terminated in favor of the accused is met " 'only when [the] * * * final disposition is such as to indicate * * * innocence' " (*Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425-426, quoting Restatement [Second] of Torts § 660, comment *a*). Thus "[t]he plaintiff cannot succeed if the criminal proceeding 'has been terminated without regard to its merits or propriety by agreement or settlement of the parties.' (*Halberstadt* v. *New York Life Ins. Co.,* 194 N. Y. 1, 11. See *Levy's Stores, Inc.,* v. *Endicott-Johnson Corp.,* 272 N. Y. 155; *Atwood*

v. *Beirne,* 73 Hun, 547.)" *(Zebrowski v Bobinski,* 278 NY 332, 333.) The Court of Appeals has held that dismissal of criminal charges for want of subject matter jurisdiction does not necessarily constitute termination favorable to the accused *(Heaney v Purdy,* 29 NY2d 157). It has also been held that an adjournment in contemplation of dismissal is not an adjudication of guilt or innocence and bars recovery in a claim for malicious prosecution *(Hollender v Trump Vil. Coop., supra).* Likewise it has been held that dismissal of criminal charges on the motion of the prosecutor in the interest of justice "is neither an acquittal of the charges nor any determination of the merits. Rather, it leaves the question of guilt or innocence unanswered." *(Ryan v New York Tel. Co.,* 62 NY2d 494, 504-505.) It should be noted that in *Colon v City of New York* (60 NY2d 78, 84), where the Court dismissed a cause of action for malicious prosecution after a judgment in favor of the plaintiff, it was stated that dismissal of the indictment on the prosecution's own motion "constituted no more than an admission that the People lacked evidence to establish a prima facie case of guilt", and that such dismissal "was not a concession that the arrest was made without probable cause".

In the present case the plaintiff's complaint failed to allege any basis for the dismissal. Furthermore, plaintiff's counsel specifically stated that the dismissal did not indicate that the plaintiff was innocent of the violations alleged.

*Loeb v Teitelbaum* (77 AD2d 92, *amended* 80 AD2d 838) on which the IAS Court relied, does not compel a different result. There the Appellate Division specifically found that the Criminal Court's various *sua sponte* dismissals of the criminal action, which formed the basis of the malicious prosecution action, were based on the prosecutor's failure to be ready to proceed after a final adjournment had been granted. The Court stated that whether the criminal case was discontinued due to the prosecutor's voluntary formal abandonment or the prosecutor's neglect, the matter was nonetheless terminated by the prosecutor's nonpursuit of the charges against the accused. The Court concluded that in either case the failure to proceed implies a lack of reasonable grounds which constituted a termination favorable to the accused.

The case in issue here is distinguishable as the exact basis for the dismissal is not alleged in the complaint. We will not engage in speculation to sustain an insufficiently alleged cause of action. Furthermore, the Court's conclusions in *Loeb v Teitelbaum (supra)* appear contrary to the more recent pronouncements of the Court of Appeals *(see, e.g., Hollender v*

*Trump Vil. Coop., supra; Ryan v New York Tel. Co., supra)* and inconsistent with the earlier Court of Appeals cases on which it relies *(see, Halberstadt v New York Life Ins. Co.,* 194 NY 1, 11, *supra; Levy's Store v Endicott-Johnson Corp.,* 272 NY 155, *supra; Zebrowski v Bobinski,* 278 NY 332, *supra).* We therefore decline to adopt the Court's reasoning in *Loeb v Teitelbaum (supra)* and find that, in this case, the dismissal carries with it no implication with respect to the nature of the grounds for the criminal prosecution and therefore does not qualify as a termination favorable to the accused. Concur—Ellerin, J. P., Wallach, Ross and Kassal, JJ.