■ MARIE Y. CHAMPAGNE et al., Appellants, v SHOP RITE SUPERMARKETS, Respondent. [610 NYS2d 559] —In an action to recover damages, inter alia, for malicious prosecution, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Stolarik, J.), entered September 16, 1991, which, upon a jury verdict, is in favor of the defendant.

Ordered that the judgment is affirmed, with costs.

On April 30, 1988, the plaintiffs Marie Champagne and her sister Noramie Festa Jasmin were detained by a guard employed by the defendant Shop Rite Supermarkets, upon the guard's observation that the plaintiffs had consumed food for which they had not paid. The Rockland County District Attorney's Office commenced a criminal action against the plaintiffs charging them with petit larceny. The case was ultimately adjourned in contemplation of dismissal.

The plaintiffs then commenced the instant action to recover damages, *inter alia,* for malicious prosecution.

During cross-examination, the defense counsel attempted to show that the plaintiff Marie Champagne had made prior inconsistent statements on three material issues. The plaintiffs' counsel objected to this line of questioning, contending that Champagne's testimony at her deposition was consistent with her trial testimony. However, we agree with the trial court that the issue of whether the prior statements were inconsistent was a question for the jury after the defense counsel had an opportunity to cross-examine Champagne.

At the charge conference, the trial court refused the plaintiffs' request to instruct the jury regarding their causes of action for malicious prosecution. The trial court ruled that the plaintiffs had the burden of proving that the underlying criminal prosecution had been resolved in their favor and an adjournment in contemplation of dismissal was not such a favorable resolution. We agree.

It is essential in a claim for malicious prosecution that the plaintiff show that the underlying proceeding was terminated in favor of the accused *(see, Martin v City of Albany,* 42 NY2d 13). This requirement is only satisfied when the case has been disposed of on the merits finding the accused innocent *(see, Hollender v Trump Vil. Coop.,* 58 NY2d 420). An adjournment in contemplation of dismissal is not the equivalent of a finding of innocence, and thus it does not support a cause of action for malicious prosecution *(see, Lewis v Counts,* 81 AD2d 857).

The plaintiffs' remaining contentions are either unpreserved for review or without merit. Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.