HARVEEN DELELLO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 77273.) [633 NYS2d 896] —Judgment unanimously affirmed without costs. Memorandum: The Court of Claims properly dismissed the claim in this action for malicious prosecution on the ground that plaintiff failed to meet her burden of proving, by a preponderance of the evidence, that the underlying criminal action terminated in her favor.

The elements of the tort of malicious prosecution are: (1) the commencement of a criminal action against plaintiff; (2) termination of the criminal action in favor of plaintiff; (3) the absence of probable cause for the criminal action; and (4) actual malice (see, Colon v City of New York, 60 NY2d 78, 82; Pandolfo v U.A. Cable Sys., 171 AD2d 1013). The burden of proving that the criminal action terminated in plaintiff's favor is met " 'only when [the] * * * final disposition is such as to indicate * * * innocence' " (Hollender v Trump Vil. Coop., 58 NY2d 420, 425-426, quoting Restatement [Second] of Torts 2d § 660, comment a).

In the present case, the order of dismissal in the criminal action "leaves the question of guilt or innocence unanswered" (Ryan v New York Tel. Co., 62 NY2d 494, 504-505; see, Witcher v Children's Tel. Workshop, 187 AD2d 292, 294). Furthermore, plaintiff's amended notice of claim failed to allege in a nonconclusory fashion the basis for the dismissal of the criminal charges (see, Witcher v Children's Tel. Workshop, supra, at 294). Lastly, from our review of the record, we conclude that dismissal of the complaint was authorized on the further ground that, as a matter of law, plaintiff's arrest was based upon probable cause (see, Pandolfo v U.A. Cable Sys., supra, at 1013; see also, Broughton v State of New York, 37 NY2d 451, cert denied sub nom. Schanbarger v Kellogg, 423 US 929). (Appeal from Judgment of Court of Claims, Margolis, Israel, J.— Malicious Prosecution.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.