◼ ARTHUR FISHMAN, Appellant, v ROBERT KOENIG et al., Respondents. [678 NYS2d 293] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated January 6, 1998, as granted that branch of the defendants' motion which was to dismiss the complaint.

Ordered that the order is modified by deleting the provisions thereof granting those branches of the defendants' motion which were to dismiss the first, second, fifth, and sixth causes of action in the complaint, and substituting therefor a provision denying those branches of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiff, and the first, second, fifth, and sixth causes of action are reinstated.

The defendants failed to set forth a valid basis for dismissal of the plaintiff's first and second causes of action sounding in breach of contract. Reviewing the factual allegations of the

complaint (*see, Guggenheimer v Ginzburg,* 43 NY2d 268) as well as the affidavits submitted on the motion to dismiss (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633), the plaintiff has adequately stated claims for breach of contract. Inasmuch as none of the other arguments raised by the defendants mandates the dismissal of these claims at the present stage of the action, the first and second causes of action must be reinstated. Similarly, the plaintiff's claims sounding in false arrest and libel are adequately pleaded and are not premature (*see, Hollender v Trump Vil. Coop.,* 58 NY2d 420; *Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). Hence, the fifth and sixth causes of action should not have been dismissed.

However, we agree with the defendants that the Supreme Court properly dismissed the third and fourth causes of action to recover damages for alleged civil rights violations, since neither the complaint nor the plaintiff's supporting papers set forth the requisite allegations to support such claims (*see, Jennings v Joshua Ind. School Dist.,* 877 F2d 313, 319, *cert denied* 496 US 935; *cf., Adickes v Kress & Co.,* 398 US 144). Likewise, the seventh cause of action, which seeks an award of counsel fees based on the civil rights claims, was properly dismissed. O'Brien, J. P., Thompson, Sullivan and Friedmann, JJ., concur.