■ Lloyd Probber, Appellant, v Myra Yousef, Respondent. [772 NYS2d 815]—

Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered October 2, 2002, which, in an action for malicious prosecution, granted defendant's motion to dismiss the complaint on the basis of documentary evidence, unanimously affirmed, without costs.

The motion court correctly determined that Criminal Court did not vacate the adjournment in contemplation of dismissal (ACD) agreed to by plaintiff and the People in the underlying criminal action, and then dismiss that action because the People did not want to prosecute. Plaintiff did not contest the ACD for 5½ months. Then, only two weeks before the charge was to be dismissed pursuant to the ACD, plaintiff moved to vacate the ACD on the ground that he was not informed as to what it meant. The transcript of the proceedings that decided that motion does not support plaintiff's claim that it was granted on that basis. On the contrary, it does show that the People argued that plaintiff "had satisfied the terms of the ACD," and moved "to dismiss and seal [the case] as scheduled [by the ACD]." Criminal Court ruled, "The case is restored and dismissed and

sealed on the People's motion." As the motion court ruled, the Criminal Court's use of the word "restored" in this context, including that Criminal Court plainly stated that it was granting the People's motion, not defendant's, unquestionably shows that "the case was dismissed pursuant to the ACD, not restored and dismissed because the Judge was making a determination of plaintiff's innocence." Accordingly, the criminal action did not terminate in plaintiff's favor, and the instant action for malicious prosecution may not be maintained (*see Hollender v Trump Vil. Coop.*, 58 NY2d 420, 425-426 [1983]; *Lancaster v Kindor*, 98 AD2d 300, 308 [1984], *affd* 65 NY2d 804 [1985]). Concur—Tom, J.P., Mazzarelli, Sullivan, Ellerin and Friedman, JJ.