OPINION OF THE COURT
Peter E. Corning, J.
This is an application to reargue a motion for summary judgment for dismissal of plaintiff’s cause of action for malicious prosecution.
A motion for summary judgment was previously argued before this court at Special Term in Rochester, New York, on November 24, 1982 at which time the court denied the defendant’s motion for dismissal of the cause of action for malicious prosecution ruling from the Bench that a dismissal in the furtherance of justice was, or could have been, a termination in favor of the plaintiff. Because of the lack of precedents in connection with the question, this court has agreed to reconsider its decision.
FACTS
On August 6, 1981, plaintiff, David A. Brown, while campaigning for the office of Town Supervisor for the Town of Henrietta, New York, was charged by Herbert P. David, building inspector, with violation of a town sign ordinance. Brown was issued an appearance ticket to appear before Town Justice Frederick Boracco on September 2, 1981.
Brown appeared, entered a plea of not guilty and the matter was adjourned. Two Town Justices thereafter dis *134 qualified themselves from hearing the case and nothing further transpired until Brown brought a motion before Justice Joseph J. Marticelli (a new Town Justice), returnable on March 3, 1982. The motion requested (a) dismissal of the charge because the complaint was defective on its face pursuant to CPL 170.35; (b) dismissal of the charge on the ground of the violation of the speedy trial rule, CPL 30.30, and (c) dismissal of the charge in the “furtherance of justice” pursuant to CPL 170.40. Justice Marticelli dismissed the charge in the “furtherance of justice” because of the long delays in prosecuting. Justice Marticelli’s exact words were “[t]his dismissal was not on the merits of the charge, but solely because of the delays in prosecuting.”
DISCUSSION
A plaintiff, to prove a cause of action for malicious prosecution, must allege four elements: (1) commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) determination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding, and (4) actual malice.
The question before this court is whether the dismissal of the charge in the “furtherance of justice” was a termination in favor of the accused.
The general rule is that where the termination comes about on the merits, or where there is a termination for reasons that appear to take into consideration the merits, then the termination is favorable to the defendant and will serve as a basis for malicious prosecution. Where, however, a termination results from compromise or settlement, or is brought about by the action of the accused as a courtesy or favor, or by some act of the defendant which prevents the litigation, there is no favorable termination which will serve as a basis for the cause of action for malicious prosecution.
Application of the general rule became more difficult with the advent of the Criminal Procedure Law in 1971. Two new provisions were added to the CPL which allowed termination for reasons which may or may not take into consideration the merits of the charge. These were the *135 “adjournment in contemplation of dismissal”, CPL 170.55, and “dismissal in the furtherance of justice”, CPL 170.40.
The courts have uniformly held an adjournment in contemplation of dismissal is not a termination favorable to the defendant on the theory that an adjournment in contemplation of dismissal can only be brought about with the consent of the defendant, and is therefore a consent decree or a “species of plea bargaining”. Since such a disposition takes on more of the semblance of a settlement, such a termination is not in favor of the defendant. (Singleton v New York, 632 F2d 185,193; Lewis v Counts, 81 AD2d 857; Hollender v Trump Vil. Coop., 84 AD2d 574.)
The dismissal in the “furtherance of justice” is another matter. Such a disposition can be brought about without the consent of the defendant as a matter of judicial discretion based upon some “compelling factor”. (CPL 170.40, subd 1.) The so-called “compelling factor” may or may not take into consideration the merits. If the “compelling factor” were a weak set of facts, defective pleadings, refusal of the complainant to go forward and/or failure to prosecute within the prescribed time limits, obviously the merits would have been passed upon, either directly or indirectly. Were the compelling factor the health of the defendant, the co-operation of the defendant, or compromise between the parties, then the disposition would not be on the merits.
Therefore, a dismissal in the “furtherance of justice” cannot be branded as a determination in favor of the defendant without investigating the facts which lead to the disposition. Each case must be evaluated separately to determine whether a dismissal in the “furtherance of justice” was or was not on the merits.
THE INSTANT CASE
The speedy trial rule dictates that the People must be ready to proceed to trial within 30 days of the arraignment. (CPL 30.30.) Justice Marticelli obviously considered this factor in his decision to dismiss when he stated “I dismissed the charges in the interest of justice * * * solely because of the delays in prosecuting”. Since the “compelling factor” which led to the dismissal in the “furtherance of justice” was the delay in prosecution, the court, in *136 essence, granted a dismissal for lack of speedy trial and labeled it a “dismissal in the furtherance of justice”. The “compelling factor” which the court took into consideration related to the motive of the prosecutor in failing to bring the matter to trial and, as such, must be labeled as a termination based upon the merits and in favor of the accused.
Accordingly, this court, for the reasons set forth, affirms the original decision of November 2, 1982, denying the Town of Henrietta’s motion for dismissal.