MERVIN L. RICH, Plaintiff-Appellant, v. KELLY L. BALDWIN *et al.*, Defendants-Appellees.

Fifth District    No. 5—83—0648

Opinion filed April 15, 1985.

David Y. Eberspacher, of Harlan Heller, Ltd., of Mattoon, for appellant.

James D. Stout, of Zimmerly, Gadau, Stout, Selin & Otto, of Champaign, for appellees Kelly L. Baldwin, Leo Shook, and James Schultz.

Larry Battershell, of Robinson, for other appellees.

PRESIDING JUSTICE JONES delivered the opinion of the court:

The plaintiff, Mervin L. Rich, appeals from a judgment of the circuit court of Crawford County that dismissed with prejudice his second amended complaint alleging malicious prosecution. In dismissing the complaint, the court found as a matter of law that there had been "no final factual determination in favor of the plaintiff" in the criminal case referred to in the plaintiff's complaint in that the criminal proceeding against the plaintiff had been dismissed pursuant to the plaintiff's motion alleging violation of his right to speedy trial. The sole issue upon appeal is whether dismissal of the underlying criminal charge on speedy-trial grounds pursuant to the plaintiff's motion constituted a termination of the proceeding in favor of the plaintiff as required to state a cause of action for malicious prosecution. We hold

that it did and accordingly reverse the judgment of the trial court.

■■ ■ In order to state a cause of action for malicious prosecution, a plaintiff must allege facts showing (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant, (2) the termination of the proceeding in favor of the plaintiff, (3) the absence of probable cause for such proceeding, (4) the presence of malice, and (5) damages resulting to the plaintiff. (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229.) The requirement of the favorable termination for the plaintiff on the original charge has been justified on the grounds of showing lack of probable cause for the prosecution and of avoiding collateral attack on, and possibly inconsistent results with, the previous judgment. (See Prosser, Torts sec. 119, at 838 (4th ed. 1971); *Savage v. Seed* (1980), 81 Ill. App. 3d 744, 401 N.E.2d 984.) While the plaintiff in a malicious prosecution action must prove termination of the former action in his favor, it is not essential that there have been a trial and verdict of acquittal upon the charge involved. (*Gilbert v. Emmons* (1866), 42 Ill. 143; *Joiner v. Benton Community Bank* (1979), 76 Ill. App. 3d 871, 395 N.E.2d 691, *rev'd on other grounds* (1980), 82 Ill. 2d 40, 411 N.E.2d 229.) The prior criminal proceeding, however, must have been terminated in a manner indicative of the innocence of the accused, and a plaintiff who enters into or procures a compromise or agreement for dismissal of the charges against him may not bring an action for malicious prosecution based upon those charges. *Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229; *Stanger v. Felix* (1981), 97 Ill. App. 3d 585, 422 N.E.2d 1142; *Ewe v. Angland* (1945), 325 Ill. App. 677, 60 N.E.2d 774.

We have found no Illinois case dealing with the instant issue of whether dismissal of a criminal charge on speedy-trial grounds constitutes a termination in favor of the plaintiff for purposes of a malicious prosecution action. Instructive in this regard, however, are Illinois cases involving termination of a prior criminal proceeding short of acquittal on the merits. In *Gilbert v. Emmons*, dismissal of a criminal charge upon failure of the grand jury to return a true bill was held to be sufficient to maintain an action for malicious prosecution. The court observed that, if malicious prosecution were barred in such an instance,

> "a perfectly innocent man, wantonly arrested upon a criminal charge[,] would be obliged, in order to secure a right of redress against his accuser, to insist that a grand jury should find a bill, and the forms of a trial had. But it would not be in his power to do this[,] *** [and he would thus] be without means of re-

dress." (*Gilbert v. Emmons* (1866), 42 Ill. 143, 145-46.)

Similarly, in *Reell v. Petritz* (1922), 224 Ill. App. 65, dismissal of a larceny charge against the plaintiff at the instance of the prosecutor during hearing before the examining magistrate was held to be a termination of the proceeding for the plaintiff, and, in *Farris v. Messimore* (1920), 219 Ill. App. 582, dismissal of a theft charge against the plaintiff by the justice of the peace upon failure of the complaining witness to appear was properly characterized as a complete termination of the proceeding for the plaintiff in his complaint for malicious prosecution.

While the "favorable termination" requirement was met in these cases involving dismissal of criminal charges at the instance of the prosecutor or complaining witness, a contrary result was reached where the dismissal was brought about or agreed to by the plaintiff so as to be indicative, not of the plaintiff's innocence, but of his guilt. (See *Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229 (agreement by plaintiff to pay bank in return for dismissal of theft charges against him precluded bringing of malicious prosecution action); *Stanger v. Felix* (1981), 97 Ill. App. 3d 585, 422 N.E.2d 1142 (dismissal of criminal charges against plaintiff not "favorable termination" where plaintiff placed on court supervision pursuant to court's order stating that facts were sufficient for finding of guilt); *Ewe v. Angland* (1945), 325 Ill. App. 677, 60 N.E.2d 744 (malicious prosecution action could not be maintained where dismissal of criminal charges resulted from free agreement of parties).) Such a rule is justified on the grounds that the plaintiff, in entering into or procuring a compromise or agreement for dismissal of the charges against him, admits the existence of probable cause so as to preclude an action for malicious prosecution. *Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229.

Unlike these latter cases in which termination of the criminal proceeding was procured by the plaintiff in a way indicating guilt of the crime charged, the instant proceeding was terminated, though on the plaintiff's motion, as a matter of right due to the prosecutor's failure to proceed to trial in a timely fashion. Courts in other jurisdictions have invoked the distinction between termination procured by the accused and termination brought about as a matter of right because of inaction on the part of the prosecutor to uphold malicious prosecution actions based upon dismissal of the prior charges on speedy-trial grounds. In *Lenehan v. Familo* (1981), 79 App. Div. 2d 73, 436 N.Y.S.2d 473, the plaintiff instituted a malicious prosecution action after a prior criminal charge had been dismissed for lack of a speedy trial. The reviewing court held that this dismissal constituted a favor-

able termination of the underlying criminal proceeding, as

> "there [was] no evidence to indicate any misconduct or other impropriety on plaintiff's part in seeking the dismissal[,] [and] [the plaintiff had merely] exercised a statutory right founded upon the unexplained and unexcused failure of the People to pursue the prosecution." (79 App. Div. 2d 73, 76, 436 N.Y.S.2d 473, 475.)

The court concluded that while, ordinarily, an action for malicious prosecution would not lie "where the termination of a criminal prosecution [had] been *procured* by the accused, \*\*\* [t]hat rule was not applicable \*\*\* where the termination was brought about as a matter of right and without fraud, deception or other misconduct on the part of the accused [citations]." 79 App. Div. 2d 73, 76, 436 N.Y.S.2d 473, 475.

Similarly, in *Gumm v. Heider* (1960), 220 Or. 5, 348 P.2d 455, in which the underlying criminal charge was dismissed for failure of the district attorney to submit an indictment to the grand jury within the required time, the court distinguished between termination of an original proceeding by procurement of the accused "as a matter of favor \*\*\* or [other] device preventing action and consideration by the court" (220 Or. 5, 24, 348 P.2d 455, 464) and that resulting from inaction on the part of the prosecutor or complaining witness. The plaintiff in that case had sought dismissal after 13 months had passed since the charge was brought and no action had been taken by the prosecutor. The court stated:

> "We do not have here a case of dismissal procured by the accused as a favor or by way of compromise, or through trick or device, but dismissal sought and granted as a matter of right.
>
> \* \* \*
>
> If the accused was ever to be in a position to maintain an action for malicious prosecution, the pending criminal proceedings against him must somehow be terminated. This could have been accomplished on motion of the district attorney, or, probably, by the court *sua sponte*. Neither, however, acted, and we are of the opinion that the plaintiff was not required to refrain forever from seeking dismissal himself, \*\*\* lest he thereby lose his right to recover for a wrong done him on the theory that he had 'procured' termination of the prosecution." (220 Or. 5, 24-25, 348 P.2d 455, 464.)

*Cf. Lenehan v. Familo* (1981), 79 App. Div. 2d 73, 436 N.Y.S.2d 473 (one charged with a criminal offense should not be compelled to waive constitutional or statutory right to speedy trial in order to preserve

right to civil retribution for demonstrated wrong).

While, in the instant case, the defendants assert that dismissal on speedy-trial grounds does not involve an adjudication on the merits and thus is not indicative of the plaintiff's innocence as required for a favorable termination, such a dismissal may be said to reflect on the merits in that it implies a lack of reasonable grounds for prosecution on the criminal charge. (*Miller v. Watkins* (1982), 200 Mont. 455, 653 P.2d 126; *Loeb v. Teitelbaum* (1980), 77 App. Div. 2d 92, 432 N.Y.S.2d 487; *Brown v. Town of Henrietta* (1983), 118 Misc. 2d 133, 459 N.Y.S.2d 996.) The court in *Miller v. Watkins,* holding that dismissal on speedy-trial grounds constituted a termination in favor of the plaintiff, stated:

> " '[T]ermination must *reflect* on the merits of the underlying action \*\*\*. A dismissal for failure to prosecute \*\*\* does reflect on the merits of the action \*\*\*. The reflection arises from that natural assumption that one does not simply abandon a meritorious action once instituted.' " 200 Mont. 455, 463, 653 P.2d 126, 130, quoting *Lackner v. La Croix* (1979), 25 Cal. 3d 747, 751, 602 P.2d 393, 395, 159 Cal. Rptr. 693, 695.

Similarly, in *Loeb v. Teitelbaum,* involving dismissal of criminal charges upon the court's own motion for failure of the prosecutor to be ready to proceed after an opportunity had been given to procure the testimony of two police witnesses, the court stated:

> "While there certainly is a distinction between a voluntary or formal abandonment by a prosecutor and a dismissal brought about by his neglect or unexcused failure to proceed, the difference is more apparent than real, for in both circumstances the criminal charges have been terminated by the prosecutor's nonpursuit of the charges against the accused. In each case, the failure to proceed to the merits compels an inference of such an unwillingness or inability to do so as to imply a lack of reasonable grounds for the prosecution." (77 App. Div. 2d 92, 101, 432 N.Y.S.2d 487, 494.)

See also *Brown v. Town of Henrietta* (1983), 118 Misc. 2d 133, 459 N.Y.S.2d 996 (merits would have been passed upon either directly or indirectly where dismissal was based upon failure to prosecute within prescribed time limits).

■ Because in the instant case the dismissal of criminal charges against the plaintiff likewise resulted from the prosecutor's unexcused and unexplained failure to proceed to trial on the merits, we adopt the rationale of the cited cases to hold that such dismissal constituted a termination of the proceeding for the plaintiff as required for a ma-

licious prosecution action. (See also Prosser, Torts sec. 119, at 839 (4th ed. 1971); Restatement (Second) of Torts sec. 659 (1977); 52 Am. Jur. 2d *Malicious Prosecution* sec. 36 (1970).) In so doing we find distinguishable those cases cited by the defendants in which the prior criminal proceeding was not terminated in a manner indicative of the plaintiff's innocence so as to constitute a favorable termination. In *Thomas v. New Jersey Institute of Technology* (1981), 178 N.J. Super. 60, 427 A.2d 1142, no further action was taken on a criminal complaint against the plaintiff following his admission to a pretrial intervention program. The court, noting that no determination was made as to guilt or innocence when charges were dismissed upon completion of the program, held that termination based upon participation in the program resulted in an indecisive termination similar to that resulting from agreement or compromise with the accused. In another case, *Junod v. Bader* (1983), 312 Pa. Super. 92, 458 A.2d 251, charges were dropped against the plaintiff upon his completion of probation under an accelerated rehabilitative disposition (A.R.D.) of the charges. The court similarly characterized the dismissal as an indecisive termination not sufficiently favorable to support a claim for malicious prosecution. (See also *Davis v. Chubb/Pacific Indemnity Group* (E.D. Pa. 1980), 493 F. Supp. 89 (dismissal of charges pursuant to A.R.D., an arrangement agreed upon by prosecutor, court and defendant, does not satisfy requirement of favorable termination).) Since, in each of these cases, termination of the criminal proceeding involved agreement or compromise by the accused so as not to be indicative of the plaintiff's innocence, they are unlike the instant case in which dismissal was granted as a matter of right based upon inaction of the prosecutor. As we have seen, such a dismissal results in an inference of lack of reasonable grounds to prosecute and so can not be deemed an "indecisive" termination as in the cases relied upon the defendants.

■ While the defendants further cite the rule in Illinois requiring an actual adjudication on the merits in cases involving dismissal of an underlying civil proceeding (see *Savage v. Seed* (1980), 81 Ill. App. 3d 744, 401 N.E.2d 984; *Kurek v. Kavanagh* (1977), 50 Ill. App. 3d 1033, 365 N.E.2d 1191; *Siegel v. City of Chicago* (1970), 127 Ill. App. 2d 84, 261 N.E.2d 802), that rule is inapplicable in the instant case because of the inherent distinctions between civil and criminal proceedings. As stated in *Savage v. Seed* (1980), 81 Ill. App. 3d 744, 748, 401 N.E.2d 984, 987:

> "There is general agreement among all jurisdictions that the termination of a *civil* proceeding without a final adjudication is

not evidence of a lack of probable cause because there is no preliminary determination, *as in a criminal action,* of the sufficiency of the evidence to justify the suit. (Prosser, Torts sec. 120, at 855 (4th ed. 1971).)" (Emphasis added.)

The *Savage* court cited *Siegel v. City of Chicago,* in which dismissal of a civil complaint for failure to state a cause of action was held not to be a favorable termination, "[since the] dismissal [bore] no logical relationship to the legitimacy of the assertions contained therein [and thus lent] no credence to the claim that the assertions [in the original complaint] were baseless." (*Siegel v. City of Chicago* (1970), 127 Ill. App. 2d 84, 108, 261 N.E.2d 802, 814.) By contrast, because of the preliminary determination of probable cause for bringing the charge here, as in all criminal proceedings, dismissal of the charge on other than purely technical grounds (as, for example, lack of jurisdiction or defective pleading) may be said to logically indicate a lack of probable cause for bringing the criminal prosecution so as to form a basis for the malicious prosecution action.

Holding, therefore, that dismissal of the prior criminal charge on speedy-trial grounds constituted a favorable termination of the proceeding for purposes of the instant malicious prosecution action, we hereby reverse the trial court's judgment dismissing the plaintiff's complaint and remand the cause for further proceedings.

Reversed and remanded.

WELCH and HARRISON, JJ., concur.