■ JOHN T. JACKSON, Respondent, v COUNTY OF NASSAU et al., Appellants.—In an action to recover damages for malicious prosecution and false arrest, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Samenga, J.), dated July 10, 1985, as denied that branch of their motion which was to dismiss the malicious prosecution cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment is granted in its entirety.

To establish a malicious prosecution cause of action arising from a criminal proceeding, the plaintiff must prove that (1) the defendant either commenced or continued a criminal proceeding against him, (2) the proceeding terminated in his favor, (3) there was no probable cause for the criminal proceeding, and (4) the criminal proceeding was instituted with actual malice (Martin v City of Albany, 42 NY2d 13). Here, the plaintiff cannot demonstrate that the defendants lacked probable cause to arrest or that the prior proceeding terminated in his favor.

The plaintiff was prosecuted for the crime of possession of stolen property. The police had obtained a statement from a burglar which implicated the plaintiff; further, the stolen property was found in the plaintiff's car. Therefore, there were sufficient facts available to the police which would lead a reasonable person to believe the plaintiff guilty (see, Colon v City of New York, 60 NY2d 78), and, as a matter of law, there was probable cause for the criminal proceeding (see, Veras v Truth Verification Corp., 87 AD2d 381, 383, 384, affd 57 NY2d 947; Giorgio v Batterman, 134 App Div 139; Tyson v Bauland Co., 68 App Div 310).

Additionally, it cannot be said that the prior criminal proceeding which was dismissed in the furtherance of justice pursuant to CPL 170.40 was such a termination which would indicate the guilt or innocence of the plaintiff (Hollender v Trump Vil. Coop., 58 NY2d 420). A dismissal in the interest of justice is neither an acquittal nor a conviction; rather, it leaves the question of guilt or innocence unanswered (cf. Ryan v New York Tel. Co., 62 NY2d 494). Thus, as a matter of law, there was no favorable termination, and this kind of dismissal bars a subsequent suit to recover damages for malicious prosecution.

We have examined the plaintiff's remaining contentions and find them to be without merit. Eiber, J. P., Kunzeman, Kooper and Spatt, JJ., concur.