Sidney EDWARDS, Plaintiff,

v.

John SHELLEY, Sheriff of Will County and the County of Will, Defendants.

No. 86 C 4638.

United States District Court, N.D. of Illinois, E.D.

Sept. 24, 1987.

James F. Wisniewski, William J. McGann, Orland Park, Ill., for plaintiff.

Charles E. Hervas, James G. Sotos, Schirott & Associates, P.C., Itasca, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiff Sidney Edwards brings this action against defendants Will County and Will County Sheriff John Shelley. The four-count complaint alleges that defendants conspired to deprive Edwards of his Fourteenth Amendment right to due process by denying him a hearing, maliciously prosecuting him and setting and furthering a countywide policy of racial discrimination. Relief is sought under 42 U.S.C. §§ 1981, 1983 and 1985.

Presently before this court is defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons stated herein, defendants' motion is denied.

### I. FACTS

Sidney Edwards ("Edwards") was the superintendent of the Will County jail from January 1979 through January 1984. Edwards was appointed to the position by Sheriff John Shelley (the "sheriff") and

remained in it at the sheriff's discretion pursuant to Ill.Rev.Stat. ch. 75, ¶¶ 102, 103 (1983). On January 10, 1984, the sheriff sent Edwards a letter informing him that he was being suspended "for violation of the Sheriff's Rules and Regulations." Soon afterward, on January 18, a second letter was sent to Edwards, terminating his employment for the same general reason given in the January 10 letter. Prior to Edwards' receipt of the January 18 letter, however, the local Joliet Herald Examiner printed an article pursuant to a Sheriff's Office press release announcing Edwards' termination and stating that it was due to improprieties connected with the jail's commissary fund. At no time prior to his suspension or firing, or prior to the release of reports to the press, was Edwards given a hearing or an opportunity to respond to the charges leveled against him.

Subsequently, the sheriff and others testified before a grand jury and three criminal charges were filed against Edwards. Press releases were again prepared and further news articles appeared reporting Edwards' indictment. Eventually, Edwards was acquitted of one charge, a second was dismissed on the prosecutor's motion, and the third was dismissed by the court on a finding of no probable cause for the charge. Edwards' complaint seeks $4 million for damages allegedly suffered as a result of these incidents.

## II. DISCUSSION

### A. *Summary Judgment Standard*

Because this case is before the court pursuant to defendants' Rule 56 motion for summary judgment, it is appropriate, as a threshold matter, to review the standard for deciding such motions. In cases such as this, in which the moving party does not have the burden of proof at trial, the movant must present evidence which negates the plaintiff's evidence or make an affirmative showing (with depositions or references to the record) that plaintiff has no evidence to support his claim. The burden then shifts to the plaintiff to present additional evidence which shows a genuine issue of material fact, such that judgment as

a matter of law is not proper. *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. *Fourteenth Amendment Due Process Claim*

Edwards' first claim is that the defendants' actions denied him his Fourteenth Amendment right to due process. He demands relief under 42 U.S.C. § 1983. Edwards was not entitled to a hearing prior to his termination, pursuant to Ill.Rev.Stat. ch. 75, ¶¶ 102, 103 (1975). That statute allows the sheriff to appoint the superintendent and to remove him at the sheriff's pleasure. Therefore, Edwards had no property right in his job. He does, however, have a liberty interest in his reputation.

In 1971, the Supreme Court recognized that reputation involves a liberty interest and therefore notice and opportunity to be heard are essential before the government may act to jeopardize a person's reputation. *Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). This rule was modified by *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), in which the Court held that only defamation which causes termination of employment is sufficient to invoke the procedural due process guarantees of the Fourteenth Amendment. This continues to be the rule. Here, Edwards alleges harm to his reputation in connection with his termination and subsequent indictment. (Complaint, Count I, ¶ 13; Count II, ¶ 19; Count III, ¶ 25; and Count IV, ¶ 24.) Proof of that harm is presented through the sheriff's deposition testimony in which he states that Edwards' reputation in the community had been damaged by the press reports of his termination and indictment. On a motion for summary judgment, this court need not decide whether Edwards' reputation was in fact harmed by these events. It is, however, clear that Edwards has sufficiently demonstrated that (1) he was not given a hearing prior to his termination or indictment, and (2) the question of harm to his reputation remains at issue. Therefore, defendants are not entitled to judgment as a matter of law and defend-

ants' motion for summary judgment as to Edwards' Fourteenth Amendment claim is denied.

### C. *Malicious Prosecution*

■ Count II of Edwards' complaint alleges malicious prosecution based upon the three criminal charges filed against Edwards which were eventually resolved in his favor. Malicious prosecution is generally recognized as a tort in Illinois. However, a claim for malicious prosecution reaches constitutional proportions and becomes actionable under 42 U.S.C. § 1983 if it involves a deprivation of constitutional rights. *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir.1979) *rev'd on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). Edwards asserts this case involves such a deprivation.

To prevail on a § 1983 claim of malicious prosecution, Edwards must prove the elements of the state tort action as well as some deprivation of constitutional magnitude. *Anthony v. Baker*, 767 F.2d 657, 662–63 (10th Cir.1985); *Cline v. Brusett*, 661 F.2d 108, 112 (9th Cir.1981); *Norton v. Liddel*, 620 F.2d 1375, 1378 (10th Cir.1980); *Hampton v. Hanrahan*, 600 F.2d at 630. In Illinois, the requisite elements of a malicious prosecution claim are: 1) commencement of a judicial proceeding by the defendant, 2) termination of the proceeding in favor of the plaintiff, 3) absence of probable cause for the proceeding, 4) malice, and 5) damage. *Rich v. Baldwin*, 133 Ill. App.3d 712, 88 Ill.Dec. 748, 479 N.E.2d 361 (Ill.App.Ct.1985).

Defendants first argue that Edwards' malicious prosecution claim cannot be maintained against the sheriff because Edwards has adduced no evidence of the sheriff's active involvement in initiating the prosecution. This court, however, is unpersuaded by defendants' contention in light of ample evidence of Sheriff Shelley's testimony before the grand jury which led, in part, to the indictment and subsequent prosecution of plaintiff. Defendants' reliance upon *Kunzelman v. Thompson*, 799 F.2d 1172 (7th Cir.1986) is misplaced, as in that case only the sheriff's inaction was at issue. In the instant case, the sheriff allegedly took several positive actions.

Next, defendants contend that even if Edwards did establish the elements of a state claim for malicious prosecution, he has failed to produce any evidence of a consequent constitutional deprivation. However, one need not look far to find the consequent deprivation of Edwards' constitutional rights. The indictments have stigmatized him so that he is now unable to obtain a job in the law enforcement profession, which had been his profession prior to the indictments. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), and the cases following it make clear that the government impairs an employee's liberty interest if its acts injure the employee's "good name, reputation, honor and integrity and ... impose on [him] a stigma that effectively forecloses [his] ability to obtain other employment in [his] chosen profession." *Ratliff v. City of Milwaukee*, 795 F.2d 612, 625 (7th Cir.1986). As such, defendants' motion for summary judgment on Count II is denied.

### D. *§ 1985 Conspiracy*

■ To obtain summary judgment on Edwards' conspiracy count, defendants must show that Edwards will be unable to establish at least one of the requisite elements of a conspiracy claim under 42 U.S.C. § 1985. According to the Seventh Circuit, a civil conspiracy claim must include "a conspiracy to violate [someone's] civil rights and actual deprivation of those rights arising from the implementation of the conspiratorial plan." *Hampton v. Hanrahan*, 600 F.2d at 625.

Edwards alleges that the sheriff conspired with others to deny him his right to equal protection by procuring false testimony before a grand jury. Defendants contend, however, that Edwards' allegation of racial discrimination is "conclusively refuted" by his own deposition testimony. If no racial discrimination exists (and Edwards alleges no other class-based animus) then Edwards' action must fail. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

Edwards admits during his deposition that he had no reason to believe that the sheriff was prejudiced. The sheriff, however, is being sued in his official capacity. Only his official actions are subject to scrutiny for purposes of this suit. If the sheriff intended to carry out, in his official capacity, the discriminatory policy set by others and conspired with those others to do so, the requisite discriminatory animus is established. A genuine factual issue remains as to the material question of whether a conspiracy to deprive plaintiff of his constitutional rights existed, and if so, whether the sheriff participated in it. Because those material facts remain at issue, summary judgment is not proper for Count III.

### E. *Monell*

■ Finally, Edwards alleges in the fourth count of his complaint that the actions he complained of in Counts I, II and III resulted from a countywide policy of racial discrimination. The Supreme Court has held that "when execution of a government's policy inflicts the injury," the government is responsible under § 1983. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To successfully assert a *Monell* claim, a plaintiff must show that a government policy, as executed, has proximately caused his injury. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985). That policy may be explicitly stated, *Reed v. Village of Shorewood*, 704 F.2d 943, 953 (7th Cir.1983), established through customary practice, *Brown v. City of Chicago*, 573 F.Supp. 1375, 1378 (N.D.Ill.1983) or inferred from the acts of the government. *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 283 (7th Cir.1986).

Under this standard, the sheriff must affirmatively show that by firing Edwards, he was neither carrying out a discriminatory governmental policy nor enacting such a policy himself as a policymaker. Edwards' own testimony demonstrates that the sheriff did not act with any discriminatory intent. Therefore, no dispute exists that the sheriff was not acting as a policy maker in

this case. Instead, Edwards alleges that the sheriff was carrying out a discriminatory policy set by the Chairman of the County Board. (Complaint, Count IV, ¶ 19.) Defendants present no evidence to dispute this allegation. Therefore, a genuine issue of material fact still exists and summary judgment is not proper at this time.

Generally, under § 1983, a plaintiff alleging a pattern, practice or custom of unconstitutional conduct on the part of a governmental body must show not only that a specific injury resulted from the constitutionally infirm policy, but also that other similar injuries have been caused. *Depew v. City of Marys*, 787 F.2d 1496, 1499 (11th Cir.1986); *Mui v. Dietz*, 559 F.Supp. 485, 488 (N.D.Ill.1983). Edwards alleges that the discriminatory policy which resulted in his dismissal also resulted in a discriminatory hiring practice which barred blacks from jobs with Merit Commission protection. (Complaint, Count IV, ¶ 20.) Defendants introduce no evidence to rebut this claim, and accordingly, it remains at issue.

Defendants contend that Edwards is barred from asserting a *Monell* claim unless he can show that white employees in his position have not been (or would not have been) discharged in the manner in which Edwards was discharged. However, such a construction of *Monell* is not mandated by the case itself, nor do defendants cite any cases requiring such construction. Edwards alleges that a pattern of discriminatory employment practices toward black county employees existed in Will County. That pattern is evidenced, Edwards asserts, both through his dismissal and the county's failure to hire black employees into jobs with Merit Commission protection. These allegations are sufficient to state a *Monell* claim, and defendants have not shown that Edwards will be unable to prove them.

Defendants challenge Edwards' standing to assert his § 1983 claim. Defendants base this contention on Edwards' admission that he knew of no discriminatory motives on the part of the sheriff. However, the foregoing discussion makes clear that this claim is asserted against the county, and that the sheriff need only have carried out

the county policy. Intent is not a prerequisite for liability imposed on one (the county) for another's (the sheriff's) discriminatory acts. *Musikiwamba v. ESSI, Inc.,* 760 F.2d 740 (7th Cir.1985).

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is denied.

IT IS SO ORDERED.