Thomas DELANEY, Terrence Delaney
and Catherine Delaney, Plaintiffs,

v.

David GERDON and County of
Suffolk, et al., Defendants.

No. CV 91–0479.

United States District Court,
E.D. New York.

March 19, 1992.

Arthur V. Graseck, Jr., Port Washington, N.Y., for plaintiffs.

Robert J. Cimino, Suffolk County Atty. by Arlene S. Zwilling, Hauppauge, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Thomas Delaney, Terrence Delaney and Catherine Delaney ("plaintiffs") have brought this action, pursuant to 42 U.S.C. § 1983, against David Gerdon, individually and as a Suffolk County police officer; "John Doe," individually and as a Suffolk County police officer, and Suffolk County (collectively "defendants"), for alleged violation of plaintiffs' Fourth Amendment right to be free from unreasonable search of their property and seizure of their persons and from the use of excessive force in connection therewith, and their Fourteenth Amendment rights to substantive and procedural due process and equal protection. Pendent state claims include assault, battery, trespass, false arrest and malicious prosecution. Now before the Court is defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to those claims that are grounded in malicious prosecution. Also before the Court is plaintiffs' cross-motion for discovery of the Suffolk County District Attorney's files bearing on the prosecution of Thomas and Terrence Delaney and that defendants' motion for summary judgment be stayed until the completion of such discovery. For the reasons stated below, defendants' motion is granted and plaintiffs' cross-motion is denied.

### I. BACKGROUND

According to plaintiffs' Complaint, at about 12:30 a.m. on April 17, 1990, Thomas and Terrence Delaney ("the Delaneys") were arrested at 775 Connetquot Avenue,

Islip Terrace, New York, and charged with robbery by Officer Gerdon. They were thereafter taken to the Third Suffolk County Police Department located in Bay Shore, New York where they were both beaten by one or more police personnel during the course of their interrogations. Thomas Delaney was repeatedly kicked in the left leg while he was handcuffed to a desk. Moreover, Gerdon, without consent, warrant or other justification, confiscated and searched Thomas Delaney's wallet and made disparaging remarks and improper threats.

Thereafter, the Delaneys were taken to the First Suffolk District Court in Hauppauge, New York, where they were arraigned. Gerdon, without probable cause, caused the accusatory instruments to be filed, thereby commencing malicious prosecutions against them. Subsequently, the Delaneys were transported to the Suffolk County Jail, in Riverhead, New York.

At about one o'clock a.m. on April 17, 1990, a Suffolk County Police Department employee, without warrant, consent, or other justification, entered and searched the fenced yard at the home of Catherine Delaney at 775 Connetquot Avenue.

Thereafter, on July 2, 1990, the charges of robbery against Thomas and Terrence Delaney were dismissed pursuant to New York Criminal Procedure Law § 170.40 "in the interest of justice" by Suffolk County District Court Judge John Carroll.

## II. DISCUSSION

■ Under New York law, a plaintiff alleging malicious prosecution must establish, among other things, that the underlying criminal proceeding was terminated in his favor. *Janetka v. Dabe,* 892 F.2d 187, 189 (2d Cir.1989) (citations omitted). The same is true for a plaintiff who seeks to recover for malicious prosecution under 42 U.S.C. § 1983. *Id.* citing *Conway v. Village of Mount Kisco,* 750 F.2d 205, 214 (2d Cir.1984).

Defendants contend that plaintiffs cannot prove a termination favorable to them because a dismissal pursuant to CPL § 170.40 is not a favorable disposition.

*Manno v. State,* 576 N.Y.S.2d 717 (4th Dep't 1991); *MacLeay v. Arden Hill Hosp.,* 164 A.D.2d 228, 563 N.Y.S.2d 333 (3rd Dep't 1990), *appeal denied,* 77 N.Y.2d 806, 568 N.Y.S.2d 913, 571 N.E.2d 83 (Ct.App. 1991); *Jackson v. County of Nassau,* 123 A.D.2d 834, 507 N.Y.S.2d 449 (2d Dep't 1986), *appeal denied,* 69 N.Y.2d 608, 516 N.Y.S.2d 1023, 509 N.E.2d 358; *Miller v. Star,* 123 A.D.2d 750, 507 N.Y.S.2d 223 (2d Dep't 1985).

Plaintiffs respond that this Court must evaluate the instant case "to determine whether [the] dismissal 'in the furtherance of justice' was or was not on the merits." *Brown v. Town of Henrietta,* 118 Misc.2d 133, 459 N.Y.S.2d 996, 998 (Sup.Ct.1983). In *Brown,* the dismissing court stated that the case was dismissed due to delays in prosecuting and was therefore a favorable termination on the merits. Consequently, a malicious prosecution claim was not dismissed.

■ Plaintiffs attempt to distinguish *Jackson,* and *Miller* from the instant case by noting that in *Jackson* and *Miller* the dismissing court had stated that the dismissal was *not* on the merits. No such statement was made in the instant case.

In *MacLeay* and *Manno* however, the Appellate Division for the Third and Fourth Departments did not discuss the rationale of the dismissing court. Instead, in broad language, they held that, "[w]here, as here, the underlying criminal proceeding is dismissed in the interest of justice upon motion by the prosecution pursuant to CPL 170.40, the dismissal 'is neither an acquittal of the charges nor any determination on the merits. Rather it leaves the question of guilt or innocence unanswered.'" *Manno,* 576 N.Y.S.2d at 717; *MacLeay,* 563 N.Y.S.2d at 334–35 (both quoting *Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (Ct.App. 1984)). Moreover, in both *Ryan* and *MacLeay,* as in the instant case, it was the prosecutor who sought the dismissal pursuant to CPL § 170.40. *See Hollender v. Trump Village Coop., Inc.,* 58 N.Y.S.2d 420, 461 N.Y.S.2d 765, 768, 448 N.E.2d 432, 435

(Ct.App.1983) (same result for plaintiff who accepted an adjournment in contemplation of dismissal pursuant to CPL § 170.55).

Although there is some authority—predating the cases cited herein in support of defendants' instant motion—for allowing a claim for malicious prosecution when the trial record shows that the § 170.40 dismissal *was* on the merits, *see Angel v. Kasson,* 581 F.Supp. 170, 175 & n. 8 (N.D.N.Y.1983); *Brown,* 459 N.Y.S.2d at 998, the record in the instant case merely shows that (1) the complainants did not wish to proceed with the prosecution; (2) the prosecutor stated that she did not know whether there was any evidence showing that the Delaneys were actually innocent of the charges; and (3) the prosecutor also stated that probable cause existed for the arrest. Transcript of *People v. Terrance Delaney and Thomas Delaney,* District Court of Suffolk County, First District, Docket Nos. 9398/90 and 9399/90, July 2, 1990, pp. 2–3. Under these facts, this Court holds that it would be inappropriate to grant plaintiffs discovery of the Suffolk County District Attorney's files for the purpose of looking behind the dismissing court's record and attempting to determine whether the prosecutor's motion to dismiss the charges against the Delaneys pursuant to CPL § 170.40 was "on the merits."

### III.  CONCLUSION

Accordingly, for the aforementioned reasons, defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted as to those claims that are grounded in malicious prosecution. Plaintiffs' cross-motion for discovery of the Suffolk County District Attorney's files bearing on the prosecution of Thomas and Terrence Delaney and request that defendants' motion for summary judgment be stayed until the completion of such discovery is denied.

SO ORDERED.