**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 230073-U

Order filed August 11, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| BRIAN TOWNE, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellant, | ) | LaSalle County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-23-0073 |
| | ) | Circuit No. 21 L 83 |
| KAREN DONNELLY, CITY OF | ) | |
| OTTAWA, and COUNTY OF | ) | Honorable |
| LASALLE, | ) | Sean Donahue, |
| | ) | Judge, Presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justice Davenport and Justice Bertani concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:  Dismissal without prejudice was the appropriate remedy where the complaint lacked specificity, affirmative matters did not bar the complaint, and additional details were forthcoming.

¶ 2      The plaintiff, Brian Towne, was indicted on 17 counts of official misconduct and misapplication of funds. After those charges were dismissed for violating the speedy trial statute, Towne brought claims against the prosecutor, the city of Ottawa, and the County of LaSalle

alleging malicious prosecution, intentional infliction of emotional distress, and conspiracy. The circuit court dismissed Towne's complaint with prejudice. Towne appealed.

¶ 3                                    I. BACKGROUND

¶ 4        Towne's complaint was dismissed at the pleading stage. Therefore, the following facts, drawn from Towne's complaint, are presumed true for the purpose of analyzing the complaint's dismissal. Towne served as LaSalle County State's Attorney between 2006 and 2016. During his tenure, Karen Donnelly worked in his office as a legal intern. While Donnelly was employed as an intern, Towne prosecuted Donnelly's son, Cody. Donnelly repeatedly attempted to access Cody's file, and Towne was forced to "lock the file away" to prevent Donnelly from accessing it. After Donnelly graduated from law school, Towne declined to hire her based on her "poor work ethic and personality disputes" with members of the staff.

¶ 5        In 2016, Donnelly defeated Towne in an election to become LaSalle County State's Attorney. During the campaign, Donnelly consistently alleged that Towne had committed criminal acts while in office. In March 2017, Donnelly initiated an investigation into Towne's conduct in office. On March 22, 2017, Donnelly held a meeting involving several assistant prosecutors and officers from the city of Ottawa. At the meeting, Donnelly announced that she had been conducting an investigation into Towne's actions and requested that Officer Gualandri, an employee of the City of Ottawa, continue the investigation. Gualandri and Towne had "previously been in conflict" and Gualandri supported Donnelly in her bid to unseat Towne. Donnelly stated that she had "already completed the majority of the investigation" and Gualandri "merely needed to complete it."

¶ 6        Ultimately, the investigation "did not reveal any criminal acts." Nonetheless, Donnelly "and others," including several Assistant State's Attorneys and police officers employed by the

2

City of Ottawa agreed to falsely prosecute Towne to pursue a "personal and political vendetta." In furtherance of their agreement, Gualandri included false statements in his report and "omitted material, exculpatory evidence and witness statements." The other officers and prosecutors "knew of Gualandri's false and omitted evidence." Additionally, Donnelly and her office hid or refused to disclose evidence favorable to Towne, which included individuals who provided exculpatory statements. Towne's complaint did not include the specific facts omitted, the names of any people allegedly interviewed but not disclosed, nor the statements Towne alleged were false.

¶ 7        Donnelly's office obtained an indictment on 17 counts of official misconduct and misapplication of funds by presenting false evidence to a grand jury. The indictment was "not supported by probable cause," although Towne's complaint did not describe what, if any, false or misleading evidence was presented to the grand jury. Following the indictment, Towne moved for the appointment of a special prosecutor and, over Donnelly's objection, the motion was granted. Donnelly sought an interlocutory appeal pursuant to Supreme Court Rule 306(a)(7) (eff. Oct. 1, 2020), which allows for appeals in civil proceedings from orders disqualifying the attorney for either party. *Id*. However, as it was a criminal case, we held that Rule 306(a)(7) did not permit Donnelly's appeal. *People v. Towne*, 2019 IL App (3d) 170834, ¶ 16. Accordingly, we dismissed the appeal for lack of jurisdiction. *Id*. Donnelly petitioned for leave to appeal the dismissal, and her petition was denied.

¶ 8        While the appeal was pending, on December 18, 2018, Towne filed a demand for speedy trial. The circuit court, believing it lacked jurisdiction while Donnelly pursued her interlocutory appeal, entered an order continuing the case until a decision was rendered. The special prosecutor, also believing the trial court lacked jurisdiction, did not bring the matter to trial

3

within the allotted time. Towne moved to dismiss the criminal charges against him. At a hearing on that motion, the special prosecutor argued that the trial court was without jurisdiction while the case remained on appeal. However, Towne argued the trial court never lost jurisdiction because this court determined the appointment of a special prosecutor was not appealable. On August 2, 2019, the criminal case against Towne was dismissed for violating his right to a speedy trial.

¶ 9 On July 13, 2020, Towne filed suit in the United States District Court for the Northern District of Illinois, alleging violations of his rights under the first amendment, the fourth amendment, the fourteenth amendment, and a failure to intervene. The district court concluded Towne's first and fourth amendment claims were time-barred and dismissed them with prejudice. *Towne v. Donnelly*, 44 F.4th 666, 670 (7th Cir. 2022). The district court further found that Towne's fourteenth amendment claim failed because he had not suffered a deprivation of liberty, and his failure to intervene claim failed because it was contingent on his other constitutional claims. *Id*. However, the district court found that Towne could proceed to bring state law claims. The United States Court of Appeals for the Seventh Circuit affirmed the district court's dismissal. *Id*. at 668.

¶ 10 On July 29, 2020, Towne filed a complaint against Donnelly, the county of LaSalle, and the city of Ottawa sounding in (1) malicious prosecution, (2) intentional infliction of emotional distress, and (3) civil conspiracy. Each of the three defendants filed separate hybrid motions to dismiss the complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code). 735 ILCS 5/2-619.1 (West 2020). The defendants asserted the complaint should be dismissed pursuant to section 2-619(a)(9) of the Code, asserting (1) immunity for any acts of prosecution and (2) violations of the applicable statute of limitations. Further, the defendants argued for

4

dismissal under section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)) because Towne failed to allege specific facts that amounted to a claim for malicious prosecution, intentional infliction of emotional distress, or conspiracy.

¶ 11 On December 15, 2022, the court held a hearing on the pending motions. During the hearing, the court questioned Towne about why the complaint failed to include certain specific facts, including which false or misleading statements, if any, were presented to the grand jury. Towne acknowledged that the defendants were entitled to know what falsehoods or misleading evidence led to Towne's indictment. However, he believed the complaint was sufficient on its face. Nonetheless, he indicated he had filed an unopposed motion for release of the grand jury transcripts pertaining to his criminal trial, which he advised would soon become available. He argued that the release of those transcripts would allow him to include more specific allegations, if necessary.

¶ 12 After thoroughly analyzing the issues, the court issued a written dismissal of the complaint. The court articulated three reasons for dismissal. First, the court found that each of the prosecutors, including Donnelly, enjoyed absolute immunity for their actions, and Gualandri enjoyed absolute immunity for his testimony to the grand jury. As to Gualandri's other alleged actions, however, the court found that absolute immunity did not protect Gualandri or the City of Ottawa. Second, the court found that Towne's claim for intentional infliction of emotional distress was time-barred because his claim accrued on the date of his arrest, and his complaint was not brought within the applicable statute of limitations period.

¶ 13 Finally, while the court acknowledged the plaintiff alleged the defendants had made false statements, misstatements, or misleading statements, the complaint failed to include "what these false or misleading statements or testimony were." The court held that Towne's complaint also

5

failed to allege facts that would support a determination that the proceedings terminated in Towne's favor. Based on the complaint's lack of specificity, the court found that Towne failed to sufficiently allege facts supporting the elements of malicious prosecution. The court wrote that, as to the claims of intentional infliction of emotional distress and conspiracy, Towne's complaint "suffer[ed] from the same lack of specificity." The court dismissed the complaint with prejudice.

¶ 14        Towne appealed the dismissal.

¶ 15                                    II. ANALYSIS

¶ 16        On appeal, Towne challenges the dismissal of the complaint and seeks reinstatement of the case. The complaint was dismissed pursuant to section 2-619.1 of the Code, which allows parties to file a combined motion to dismiss a complaint under section 2-619 and section 2-615. See 735 ILCS 5/2-619.1 (West 2020). Section 2-619 "admits the sufficiency of the complaint, but asserts a defense outside the complaint that defeats it." *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. Section 2-615 tests the legal sufficiency of the complaint. *Id*. In determining whether dismissal is appropriate, the court must accept as true all well-pleaded facts and any reasonable inferences which may be drawn from those facts. *Id*. However, a court may not accept "mere conclusions unsupported by specific facts." *Id*. We review a dismissal under either section 2-619 or section 2-615 *de novo*. *Id*.

¶ 17                                A. Absolute Immunity

¶ 18        The defendants' assertion of absolute immunity falls under subsection (a)(9) of section 2-619, which permits dismissal when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2020). Prosecutors enjoy absolute immunity from liability for all acts, even malicious acts, when acting within the scope of their prosecutorial duties. *Kirichkow v. Bruscato*, 2025 IL App

6

(4th) 240552, ¶ 21. Courts are instructed to employ a "functional approach" to determine whether absolute immunity applies, focusing on the nature of the function performed and not the identity of the person performing it. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Thus, "a prosecutor is entitled to absolute immunity for acts undertaken in his role as an *advocate* for the state in preparing for the initiation of judicial proceedings or for trial." *Bianchi v. McQueen*, 2016 IL App (2d) 150646, ¶ 52 (emphasis in original). However, this immunity does not apply when a prosecutor performs "investigative functions normally performed by a police officer." *Kirichkow*, 2025 IL App (4th) 240552, ¶ 22. The burden is on the party asserting immunity to prove its applicability. *Buckley*, 509 U.S. at 259.

¶ 19        Towne's complaint alleged that Donnelly and her employees conducted an investigation into Towne's actions. The complaint further alleged that the defendants conspired to bring a case against him without probable cause by presenting false evidence to a grand jury and omitting exculpatory evidence. Taking these assertions as true, as we must when reviewing a dismissal under section 2-619, these acts fall outside the scope of a prosecutor's absolute immunity. *Bianchi*, 2016 IL App (2d) 150646, ¶ 53-56. Moreover, absolute immunity cannot serve as a basis for dismissing the complaint as to Gualandri since, as the court recognized, he does not enjoy immunity for conduct that occurred outside the grand jury room. See *Bianchi*, 2016 IL App (2d) 150646, ¶ 56. Applying the "functional approach" required by *Buckley*, a prosecutor does not enjoy absolute immunity when acting outside their role as an advocate for the State. *Buckley*, 509 U.S. at 259. The court therefore erred when it dismissed the case on the basis of absolute immunity.

¶ 20        Although the court did not address the argument because it found that the defendants enjoyed absolute immunity, sovereign immunity is equally unavailing where a plaintiff alleges

7

that the State's agent acted "in violation of statutory or constitutional law or in excess of his authority, and in those instances an action may be brought in circuit court." *Healy v. Vaupel*, 133 Ill. 2d 295, 308 (1990).

¶ 21                                    B. Statute of Limitations

¶ 22        The contention that a matter is time-barred is a proper subject for a dismissal motion pursuant to section 2-619, which permits dismissal when a cause of action "was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2020). The defendants in this case are public entities or employees of public entities, and Towne's suit is therefore subject to section 8-101 of the Local Governmental and Governmental Employees Tort Immunity Act, which provides that any civil action asserted against a local entity or any of its employees must be "commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101 (West 2020).

¶ 23        The circuit court, relying in part on *Bridewell v. Eberle*, 730 F. 3d 672 (2013), found that Towne's cause of action accrued on the date of his arrest, rendering his claims time-barred. The defendants urge us to adopt the same analysis on appeal. In *Bridewell*, an arrestee brought suit against two detectives and their employer alleging malicious prosecution and intentional infliction of emotional distress for her arrest without probable cause. *Id*. at 675. The United States District Court for the Northern District of Illinois held that the suit was time-barred because the tortious conduct alleged by Bridewell occurred prior to the commencement of prosecution. *Id*. at 678-79.

¶ 24        The instant case is distinguishable. Here, Towne's complaint alleged an ongoing course of conduct initiated prior to Towne's arrest and continuing throughout the course of his prosecution. "A cause of action for malicious prosecution does not accrue until the criminal

8

proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99 (2004). Towne's cause of action for malicious prosecution therefore did not accrue until his case was dismissed on August 2, 2019. The circuit court erred when it dismissed Towne's complaint as time-barred, since it was filed within one year of the dismissal of criminal proceedings against Towne.

¶ 25                    C. Dismissal of Malicious Prosecution Under Section 2-615

¶ 26    The critical inquiry in a motion to dismiss pursuant to section 2-615 is whether the allegations of the complaint, construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004). "[A] cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006).

¶ 27    To state a claim for malicious prosecution, Towne was required to plead facts demonstrating "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Ritchey v. Maskin*, 71 Ill. 2d 470, 475 (1978). "The absence of any one of these elements bars a plaintiff from pursuing the claim." *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996). The circuit court found that Towne's complaint failed to adequately allege the second and third elements: the termination of proceedings in his favor and the absence of probable cause for instigating the proceedings.

¶ 28    The necessity of pleading favorable termination in a malicious prosecution claim is a "long-standing and deeply rooted principle in this court's jurisprudence." *Cult Awareness*

9

*Network v. Church of Scientology International*, 177 Ill. 2d 267, 272 (1997). However, a court need not resolve the case on its merits for the plaintiff to obtain a favorable termination. *Id*. at 277-78. In the absence of an adjudication in favor of the plaintiff on the merits, the plaintiff is obliged to prove that the case terminated in a way indicative of his innocence, which is a factual determination to be made based on the circumstances surrounding the resolution of the case. *Id*. at 279. Towne cites *Rich v. Baldwin*, 133 Ill. App. 3d 712 (1985) for the proposition that the dismissal of charges on speedy trial grounds "may be said to form a basis for a malicious prosecution action." *Id*. at 716. In *Rich*, the plaintiff brought a claim for malicious prosecution following a dismissal based on a violation of the right to a speedy trial. *Id*. at 713. The court dismissed the claim, finding the plaintiff failed to plead that the proceedings had terminated in the plaintiff's favor. *Id*. The appellate court reversed the dismissal, finding that, while not strictly an adjudication on the merits, a dismissal on speedy trial grounds may be said to "reflect on the merits in that it implies a lack of reasonable grounds for prosecution on the criminal charge." *Id*. at 717.

¶ 29        The circuit court distinguished the facts in *Rich* from those in the instant case by noting that the prosecutor in *Rich* failed to bring the case to trial with no apparent explanation, whereas the special prosecutor appointed to Towne's case misunderstood the statute of limitations. Indeed, the dismissal of a case on speedy trial grounds, without context or additional information, never provides insight into the underlying merits of a case. It signals only that the case was not brought to trial within the legally allotted time frame. Only the circumstances surrounding the dismissal determine whether the abandonment of the criminal proceedings "support[s] an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution." *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 110.

10

¶ 30    A complaint may be dismissed under section 2-615 only when "it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Marshall*, 222 Ill. 2d at 429. Put another way, at the pleading stage, dismissal is not appropriate where there is at least some set of facts that would allow the plaintiff to recover. While the facts pled by Towne give no indication about the reasons for terminating the proceedings, there are at least some facts that would support termination in Towne's favor. For example, discovery might lead to an admission on the part of the special prosecutor that he believed the case to be meritless. "Whether or not these dispositions ultimately *are proved by plaintiff* to be indicative of a lack of probable cause remains a question of fact which cannot be answered at [the pleading] stage of the litigation." *Cult Awareness Network*, 177 Ill. 2d at 280 (emphasis in original) (reversing the dismissal of a complaint under section 2-615 for failing to plead favorable termination). We must therefore hold that dismissal of the complaint for failing to plead favorable termination was premature where there is at least a set of possible facts that would entitle Towne to recovery.

¶ 31    Towne's claim of malicious prosecution was also dismissed for failing to allege sufficient facts to establish the State lacked probable cause to charge him. For the purposes of a malicious prosecution claim, probable cause is defined as "a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged." *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 348 (2000). The allegation that a prosecution was commenced without probable cause centers on "the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused." *Id*. The existence of probable cause is determined by "looking to what the defendants knew when a criminal complaint was issued and not at an earlier time." *Bianchi*, 2016 IL App (2d) 150646, ¶ 75. The return of an indictment by a

11

grand jury creates a rebuttable presumption that probable cause existed at the time of indictment. *Id.* The presumption may be overcome by presenting extrinsic evidence, including "proof that the indictment was obtained by false or fraudulent testimony before the grand jury, or by failing to make a full or complete statement of facts, or by other improper or fraudulent means." *Freides v. Sani-Mode Manufacturing Co.*, 33 Ill. 2d 291, 296 (1965).

¶ 32　　　In the instant case, Towne alleged that Donnelly initiated a case against him without probable cause. However, he failed to specify what, if any, statements made to the grand jury were false, fraudulent, or misleading. While the decision whether to grant a motion to dismiss under section 2-615 requires the court to accept as true all well-pleaded facts, it "need not accept conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest." *Becker v. Cold*, 249 Ill. App. 3d 857, 861 (1993). To overcome the presumption that probable cause existed, Towne was required to allege specific facts indicating that the indictment was obtained despite the absence of probable cause. *Freides*, 33 Ill. 2d at 296. His failure to do so warranted dismissal of the malicious prosecution claim. However, we find that dismissal with prejudice under the circumstances was premature given that Towne stated he was able to remedy the lack of specificity in his complaint using grand jury transcripts he had requested.

¶ 33　　　As we observed above, "a complaint should not be dismissed [with prejudice] for failing to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings that would entitle the plaintiff to relief." *Razor Capital v. Antaal*, 2012 IL App (2d) 110904, ¶ 36. We take no position as to whether Towne will be able to successfully plead his claim. However, we hold that the just result is dismissal without prejudice to allow Towne, if he so chooses, to attempt to plead specific facts that would overcome the presumption that the indictments against him were obtained lawfully. We therefore exercise our authority under

12

Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994) and amend the dismissal to reflect that it is without prejudice. See *Smith v. Chemical Personnel Search, Inc.*, 215 Ill. App. 3d 1078, 1085 (1991) (remanding for repleading and noting that "an amendment should be allowed" if it is "in furtherance of justice" and any doubts "should be resolved in favor of the allowance of the amendment.").

¶ 34                    D. Dismissal of Remaining Claims Under Section 2-615

¶ 35        To state a claim for intentional infliction of emotional distress, Towne was required to allege facts to support the contentions that (1) the conduct involved was "extreme and outrageous," (2) the defendants knew there was a high probability that the conduct would cause severe emotional distress, and (3) the conduct in fact caused severe emotional distress. *McGrath v. Fehey*, 126 Ill. 2d 78, 86 (1988). A complaint for intentional infliction of emotional distress must be "specific, and detailed beyond what is normally considered permissible in pleading a tort action." *McCaskill v. Barr*, 92 Ill. App. 3d 157, 158 (1980). "Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not constitute extreme and outrageous conduct for the purposes of an intentional infliction of emotional distress claim." *Taliani v. Resurreccion*, 2018 IL App (3d) 160327, ¶ 26. In determining whether behavior is extreme and outrageous, courts may consider "whether the defendant abused a position of actual or apparent authority over the plaintiff or abused the power to affect the plaintiff's interests." *Duffy v. Orlan Brook Condominium Owners' Association*, 2012 IL App (1st) 113577, ¶ 36.

¶ 36        The elements of civil conspiracy are: (1) a combination of two or more individuals, (2) for the purpose of accomplishing by concerted action an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act. *Fritz v. Johnston*, 209 Ill. 2d 302, 317 (2004).

13

¶ 37    Towne's claims for intentional infliction of emotional distress and conspiracy rest on his claim of malicious prosecution. The extreme and outrageous conduct supporting his claim for intentional infliction of emotional distress is his malicious prosecution at the hands of the defendants. The tortious or unlawful act comprising his claim for civil conspiracy is also his prosecution by the defendants. Therefore, the sufficiency of Towne's complaint with respect to those two causes of action depends on his ability to successfully plead a claim for malicious prosecution. Accordingly, we find that these claims were properly dismissed, but we hold, as we did above, that dismissal of these claims with prejudice is inappropriate where additional facts potentially supporting the claim of malicious prosecution were either available or forthcoming. Thus, we amend the dismissal of Towne's other two claims to reflect that they are dismissed without prejudice. See *OnTap Premium Quality Waters, Inc. v. Bank of Northern Illinois, N.A.*, 262 Ill. App 3d 254, 264 (1994) ("[i]f, by amendment, the plaintiff can state a cause of action, a case should not be dismissed with prejudice on the pleadings.").

¶ 38                                III. CONCLUSION

¶ 39    For the foregoing reasons, the circuit court's dismissal of Towne's complaint with prejudice is reversed. Neither immunity nor the statute of limitations bar Towne's complaint, and given the procedural posture of the case, we hold that dismissal without prejudice is a more just result based on Towne's failure to plead a claim for malicious prosecution with sufficient specificity. We reverse the decision of the circuit court and remand for further proceedings consistent with this disposition.

¶ 40    Reversed and remanded.

14